## R. D. BILLS V. HIBERNIA INSURANCE COMPANY.

### No. 231.

87   547
89   595
89   667
f89  668
91   419
92   303

**Insurance Policy—Construction—Forfeiture.**

Insurance policy upon a gin house and machinery, in aggregate for $1430. The gin house was insured for $370. The other items insured were named and valued separately. The property was in and connected with the gin house so as to be subject to destruction by the same fire. The house was upon land leased by the policy holder. In the policy was the clause: "This entire policy * * * shall be void * * * if the subject of insurance be a building on ground not owned by the insured in fee simple." The property was destroyed by fire. In suit upon the policy, plaintiff did not seek to recover for loss of the gin house. *Held:*

1. That the words "entirely void" mean void as to all its parts and as to all rights claimed under it. The contract is entire .................. 551

2. The language selected to express the terms of forfeiture will be strictly construed; and in order to give effect to the clause of forfeiture it must clearly embrace the case made by the facts .......... ................ 551

3. The *subject of insurance* in this policy was the property insured—the building and various articles of personal property separately valued. It is not a house. That the house, a part of the insured property, was upon leased land, did not avoid the policy under its terms ..... ........ .... 552

ERROR to Court of Civil Appeals for Fifth District. in an appeal from Navarro County.

*McKie & Autrey*, for plaintiff in error.—1. The language of an insurance policy is that of the company, and the same must be liberally construed in favor of the assured, and the court will give that construction which will support the contract and avoid a forfeiture if possible.

The language of the policy depended upon by appellant to operate as a forfeiture is this clause: "This entire policy * * * shall be void * * * if the subject of insurance be a building on ground not owned by the insured in fee simple." This is a part only of a long sentence in the policy. Goddard v. Ins. Co., 67 Texas, 75; Hoffman v. Ins. Co., 32 N. Y., 405; Id., 88 Am. Dec., 337, and numerous cases cited in notes 347 and 348; Ins. Co. v. Jackson, 16 B. Mon., 242; Olson v. Ins. Co., 35 Minn., 432; Id., 59 Am. Rep., 334; Chandler v. Ins. Co., 21 Minn., 85; Loy v. Ins. Co., 24 Minn., 315; Cargill v. Ins. Co., 33 Minn., 90; Ins. Co. v. Orr, 63 Miss., 431; Id., 56 Am. Rep., 810; Burkhard v. Ins. Co., 102 Pa. St., 262; Id., 48 Am. Rep., 205; Ins. Co. v. Cropper, 32 Pa. St., 351; Id., 75 Am. Dec., 561, and notes; 1 May on Ins., 3 ed., secs. 175, 176, and cases cited; 1 Wood on Ins., 2 ed., secs. 60, 62, and notes.

The condition is, "if the subject of insurance be a building." The fact is, that part of the subject of insurance was a building. The fact is, that the greater part of "the subject of insurance" was not a building, but was personal property. The company on writing the policy might have used language which would have been unequivocal and unambiguous, and which would have covered the facts as they existed, and have exempted the defendant from liability; yet such language was not used, and it is the fault or misfortune of the company that it was not employed. The use of the word "entire" does not help the situation or alter it. The court below gave the company the benefit of the full meaning of the clause, and in effect held the "entire" policy avoided, so far as the building was concerned; and that was the only insurance to which the clause in question could possibly have applied.

2. When in a policy of insurance separate items of property are separately valued and separate amounts insured upon each, then the contract in effect becomes a separate policy as to each item named therein, and is to be construed accordingly.

The proposition accurately describes the policy in this case.

In New York: Deidericks v. Ins. Co., 10 Johns., 233; Heacock v. Ins. Co., N. Y. Ct. App. (not reported, but reviewed), 29 Am. Rep., 191; Merrell v. Ins. Co., 73 N. Y., 452; 29 Am. Rep., 184; French v. Ins. Co., 7 Hill, 122; Woodward v. Ins. Co., 32 Hun, 365; Burrill v. Ins. Co., 1 Edm. Sel. Cases, 233; Pratt v. Ins. Co., 130 N. Y., 206.

In Missouri: Loehner v. Ins. Co., 17 Mo., 247, and 19 Mo., 628; Koontz v. Ins. Co., 42 Mo., 126; 97 Am. Dec., 325.

In Kentucky: Ins. Co. v. Lawrence, 4 Metc., 9; Id., 81 Am. Dec., 521.

In Massachusetts:   Clark v. Ins. Co., 6 Cush., 342; same case, 53 Am. Dec., 44.

In Illinois:   Ins. Co. v. Spankneble, 52 Ill., 53; Ins. Co. v. Hofing, 29 Ill. App., 180; Ins. Co. v. Miller, 39 Ill. App., 633; Ins. Co. v. Butterly, 33 Ill. App., 626; Ins. Co. v. Anapow, 51 Ill., 283; Ins. Co. v. Walsh, 54 Ill., 164; 5 Am. Rep., 115.

In West Virginia:   Quarrier v. Ins. Co., 10 W. Va., 507.

In Ohio:   Coleman v. Ins. Co., 31 N. E. Rep., 279.

In Nebraska:   Ins. Co. v. Schreck, 27 Neb., 527; 43 N. W. Rep., 340; Ins. Co. v. Fairbank, 49 N. W. Rep., 711.

In Iowa:   Taylor v. Ins. Co., 49 N. W. Rep., 994.

In North Carolina:   Mfg. Co. v. Assur. Co., 14 S. E. Rep., 731.

In Kansas:   Ins. Co. v. York, 29 Pac. Rep., 586.

In United States Circuit Court:   Allison v. Ins. Co., 3 Dill., 485.

*Leake, Shepard & Miller* and *Barry & Etheridge,* for defendant in error.—Where property covered by a policy of insurance, although consisting of separate items, constitutes substantially one risk, and is necessarily subject to destruction by the same conflagration, then, even though separate amounts of insurance be apportioned to each separate item or class of property, if the considerations for the contract and the risk are both indivisible, the contract must be treated as entire, and any breach of a stipulation which renders the policy void as to a part affects the other items in the same manner.

The policy stipulated, "This entire policy  *  *  *  shall be void *  *  *  if the subject of insurance be a building on ground not owned by the insured in fee simple." It was an admitted fact that the gin house was situate on leased ground, and that appellant was ignorant of that fact until after the loss.  The premium was one single sum, $114.40.  The property other than the gin house covered by the policy was merely the fixtures thereof, and was situate therein and constituted substantially one risk, and was necessarily subject to destruction by the same fire, and these facts appear on the face of the policy.

It was an invariable rule of appellant not to write gin houses situate on leased ground, and the policy in question would never have been issued had appellant known that the gin house covered thereby was situate upon leased ground.  The separate values were apportioned to the several items for the sole purpose of enabling appellant to ascertain whether or not appellee had too much insurance.  Geiss v. Ins. Co., 123 Ind., 172; Id., 18 Am. St. Rep., 324; Havens v. Ins. Co., 111 Ind., 90; Id., 60 Am. Rep., 689; Loomis v. Ins. Co., 77 Wis., 87; Id., 20 Am. St. Rep., 96; McQueen v. Ins. Co., 52 Ark., 257; Id., 20 Am. St. Rep., 179; Richardson v. Ins. Co., 46 Me., 394; Id., 74 Am. St. Dec., 459; Gottsman v. Ins. Co., 56 Pa. St., 210; Id., 94 Am. Dec., 55; Moore v. Ins. Co., 28 Gratt., 508; Id., 26 Am. St. Rep., 373; Ins. Co. v. Resh,

44 Mich., 55; Id., 38 Am. Rep., 228; Bowman v. Ins. Co., 40 Md., 620; Plath v. Ins. Co., 23 Minn., 479; Id., 23 Am. Rep., 679.

BROWN, ASSOCIATE JUSTICE.—The Hibernia Insurance Company issued to R. D. Bills, upon his gin house and machinery, a policy of fire insurance in the sum of $1430, the gin house being specified in the face of the policy as insured in the sum of $370, and the other items of property separately valued at different amounts, making the total amount of insurance. The premium for the whole was the sum of $114.40. All the property was situated in and connected with the gin house, so as to be subject to destruction by the same fire. The gin house was situated upon a tract of land leased by Bills. The policy contained the following clause: "This entire policy * * *. shall be void * * if the subject of insurance be a building on ground not owned by the insured in fee simple."

The building and all the personal property were destroyed by fire, and suit was instituted upon the policy. Defendant pleaded the above condition of the policy, and alleged that the building was upon ground not owned by Bills in fee simple, and therefore the policy was void as to the whole. It was admitted that the gin house was on leased ground, and plaintiff's counsel conceded that he could not recover for the gin house, but claimed that the policy was valid as to the other property.

Upon trial the plaintiff recovered for all except the gin house, from which judgment the defendant appealed, and the Court of Civil Appeals reversed the judgment of the District Court and remanded the case to the District Court, with instructions to enter judgment for the plaintiff, Bills, for $114.40, the amount of premium paid.

The policy of insurance upon which this suit was instituted was evidently prepared by filling in the blanks in a form intended to embrace a house or personal property, or both, and contains clauses applicable to the two, also such as are applicable to each class of property separately.

The property insured consisted of a gin house valued at $370, and machinery and other things situated in the house, each item valued separately, aggregating the sum of $1430, the premium being a gross sum of $114.40.

Three assignments of error were presented to the Court of Civil Appeals, all, however, stating in different forms the proposition, that the policy sued upon was rendered entirely void by the fact that the gin house was upon land not owned by the assured in fee simple. Fraud in the application for the insurance is not presented in these assignments, and therefore will not be considered by this court.

The question to be decided arises upon the following language used in the policy: "*This entire* policy shall be void if the subject of in-

surance be a building on ground not owned by the insured in fee simple.'' We have inserted the language as it would read in its application to this question, omitting intervening words not applicable.

It is claimed on the part of the plaintiff, that this policy is a divisible contract, and that it may be void as to the building and valid as to the other property insured. On the other hand, the defendant claims that it is an entire contract, and is void in all its parts, if void at all. It is unnecessary to enter into a discussion of the rules which govern in determining whether a policy of insurance upon different articles separately valued is to be held entire or not. There is much division among the courts upon the question. It would indeed be difficult to decide as to which has the greater number of cases in its support, and sound reasons can be given in support of each side of the controversy. The language in this policy, however, is so definite upon the subject that there is no room for construction. The insurance company selected the words in which to express the terms and conditions upon which the forfeiture could be enforced, and must abide by the effect to which they are entitled under the established rules of construction; and the plaintiff accepted the policy, and is equally bound by them under the law applicable to his rights.

The terms being that the policy shall be *entirely* void upon a certain state of case, it can not become void in part in that event. A contract can not be entirely void and at the same time partially valid. *Entirely void* means void *in toto*, in all its parts, and as to all rights claimed under it. We agree with counsel for defendant that the contract is entire, and that if the facts bring the case within the language of the clause expressing the conditions of forfeiture, it is void as to all the property embraced. Plaintiff has yielded his claim as to the gin house, and we shall not discuss the effect upon that except in so far as it is involved in the construction of the words used.

The language was selected by the defendant to express the terms of forfeiture imposed by it, and language will be strictly construed against it for that, and for the additional reason that forfeitures are not favored and will not be declared unless the case comes within the terms prescribed. Goddard v. Ins. Co., 67 Texas, 71; Wood on Fire Ins., sec. 60, p. 161; Ins. Co. v. Hazlewood, 75 Texas, 347. In order for the clause of forfeiture to be given effect, it must clearly embrace the case made by the facts. Boon v. Ins. Co., 40 Conn., 575; Ins. Co. v. Robinson, 64 Ill., 265. In the case last cited the policy provided, that the company should not be liable if the loss was occasioned by the explosion of certain things mentioned therein. There was an explosion of one of the kinds of explosives mentioned in a different building, that set the fire, which fire was communicated to the property covered by the policy, and the loss occurred by fire thus caused by an explosion. The court held, that this was not within the language of the

contract, and the exemption from liability did not exist. In the other case, Boon v. Insurance Company, the policy provided, that the company should not be liable for any loss or damage "by fire which may happen or take place by means of any invasion, insurrection, riot, or civil commotion, or of any military or usurped power." The property was situated in a town in Missouri which was occupied by the Federal troops, during the late war, and a superior force of Confederate troops attacked the town, when the commander of the United States troops, in order to prevent the stores falling into the hands of the Confederates, set fire to the building in which such stores were, from which the fire spread and consumed the property insured. The court held that this did not exempt the company, because it did not fall within the terms of the policy.

If the conditions or warranties be repugnant to the portions of the policy describing the subject of insurance, the condition must yield to that portion which expresses the terms of liability; as if, for instance, the body of the policy grants insurance upon a stock such as is usually carried in a "country store," or such as is usually carried in a "retail store," and in the conditions prescribing that the carrying in the stock certain articles named as extra hazardous will cause a forfeiture of the policy, and it appears from the evidence that the articles expressly named are usually carried in such stocks and embraced in the terms of the policy describing the subject, the clause of forfeiture must yield to the language of the body of the policy, and the forfeiture will not be enforced. Wood on Ins., p. 169, sec. 64; Pindar v. Ins. Co., 36 N. Y., 648; Whitmarsh v. Conway, 16 Gray, 359.

These authorities suffice to illustrate the rule, that the terms of the policy must be broad enough to cover, under a strict construction, the facts of the case under consideration, and that every doubt arising upon the terms of the instrument must be resolved against the insurer. With this rule in view, we will examine the case now before the court upon this point.

"The subject of the insurance" in this policy was the property insured. This consisted of a building and various other articles of personal property separately valued. In order to sustain the contention of the defendant, we must impart into the clause of forfeiture words to give to it the effect, as if it read thus, "if the subject of insurance or any part of it be a building," etc., as in the case of Smith v. Insurance Company, 118 New York, 526. The court, however, will not imply anything in favor of a forfeiture, but must try the matter by the language used by the parties.

"*The subject of insurance*," as used in the condition of forfeiture, means a definite single subject, that is, *a house, one house*, and not a house and other property. If we consider all of the insured property (consisting of a house and many pieces of machinery) as constituting

*the subject,* then *the subject* was not *a house,* and the facts do not fall within the terms of the contract. If we consider each piece of property as a separate subject of insurance, then the house was not *the* subject, but one of the subjects, and in either case the facts proved do not establish the contingency upon the happening of which the policy is to be *entirely* void.

The Court of Civil Appeals erred in reversing the judgment of the District Court and rendering judgment for the defendant, for which error the judgment of the Court of Civil Appeals is reversed and the judgment of the District Court is affirmed.

Delivered February 25, 1895.