FRIES–BRESLIN CO. v. STAR FIRE INS. CO.

(Circuit Court of Appeals, Third Circuit. May 25, 1907.)

No. 23.

INSURANCE—CONSTRUCTION OF POLICY—AVOIDANCE FOR BREACH OF CONDITION.
    A single standard form of fire insurance policy adopted by a state cannot be construed as intended for use only in the insurance of real property alone or personalty alone, but may be used for the joint insurance of both, and, where so used, a provision that it shall be void, "if the subject of insurance be personal property and be or become incumbered by a chattel mortgage," applies and renders it void as to both realty and personalty, where there were chattel mortgages on the personalty covered thereby when it was issued, which fact was not disclosed to the insurer.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, §§ 636–651.]

In error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

For opinion below, see 150 Fed. 611.

James Wilson Bayard and John G. Johnson, for plaintiff in error.
Arthur S. Arnold, for defendant in error.

Before DALLAS, GRAY, and BUFFINGTON, Circuit Judges.

BUFFINGTON, Circuit Judge. This case involves the construction of a policy of insurance issued in New Jersey to the Fries-Breslin Company, a corporation of that state, here called the plaintiff, by the Star Fire Insurance Company, a corporation of Kentucky, the defendant. The insurance was for a single premium, and was on plaintiff's factory situate in New Jersey, and sundry personal property contained therein, for the gross sum of $2,500. The policy provided:

"This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void, * * * if the subject of insurance be personal property and be or become incumbered by a chattel mortgage."

When the policy was issued, there were two mortgages given by the plaintiff on its real estate and buildings, the machinery and fixtures, and the materials manufactured and in process of manufacture therein. Each mortgage was duly recorded under the laws of New Jersey, both as a real estate and as a chattel mortgage. The buildings and personal property were destroyed by fire. Suit was brought, and a verdict had for the plaintiff, subject to the reserved question whether, under the provisions quoted, the existence of these mortgages invalidated the policy. The court's action in so holding and entering judgment non obstante veredicto in favor of the insurance company is here assigned for error.

The contention of the plaintiff, in substance is that this policy blank was not intended for a joint insurance of real and personal property, but only for the insurance of realty by itself or personalty by itself; that the avoidance clauses are drawn for such contemplated separate uses, and not for the joint insurance here involved—consequently they have no application. We cannot so construe this policy. It is unreasonable to suppose the state of New Jersey, in adopting a single standard form of policy for insurance, intended to exclude its citizens from the common practice of covering by one policy both real and personal property. The provision, "if a building or any part thereof fall, except as the result of fire, all insurance by this policy on such building or its contents shall immediately cease," evidences the policy contemplated joint insurance of real and personal property. Moreover, the existence of incumbrances on property correspondingly reduces the interest of the insured in the preservation thereof, and tends to increase the hazard to the insurance company. If such incumbrances exist, a provision that the company be advised thereof, before it accepts the risk, is reasonable. Now, the provision in question was inserted in the policy to provide against the risk being increased by incumbrances. In view of this general purpose, it is unreasonable to construe the clause in question, which is manifestly drawn to effectuate that purpose, as though it read, "if the sole subject of the insurance be personal property" or "the whole subject of insurance be personal property." Yet we must adopt such a construction to convict the court below of error. If that be the true construction, then the clause conditioned, "if the subject of insurance be a manufacturing establishment, and it be operated in whole or in part at night," and that providing "if the subject of insurance be a building on ground not owned by the insured in fee simple," would also fail to provide against increased risk and hazard, if there was insured personal property in such establishment or building. A policy, it is true, is strongly construed against insurance companies; but to give these reasonable provisions such effect as is here contended for is not to construe them, but under the guise of construction to deprive the insurer of clear rights under the contract.

Nor do the authorities warrant such construction. In Martin v. Insurance Company, 57 N. J. Law, 623, 31 Atl. 213, this form of policy was involved. The facts were the converse of those now before us. The insurance was on a building and certain chattels therein. The ground on which the building stood was not owned by the insured.

Under the avoiding provision, "if the subject of insurance be a building on ground not owned by the insured," it was held the policy was void both as to the building and the chattels therein. In the Atlas Company v. Insurance Company, 138 Fed. 497, 71 C. C. A. 21, the same wording here considered was involved. While the question here involved was not raised in that case it is significant that both in the exhaustive opinion of the court and in the dissent, it was assumed a mortgage of personal property, where the policy covered both realty and personalty, avoided the entire policy. This view finds support in Parsons, Rich & Co. v. Lane, 106 N. W. 485, 97 Minn. 98; Insurance Company v. Connelly, 104 Tenn. 93, 56 S. W. 828; Plath v. Insurance Ass'n, 23 Minn. 479, 23 Am. Rep. 697; Brown v. Insurance Company, 11 Cush. (Mass.) 280; Barnes v. Insurance Co., 51 Me. 110, 81 Am. Dec. 562.

After an examination of the authorities, we are of the opinion that both the weight of reason and authority are against the construction contended for by the plaintiff.

The judgment is therefore affirmed.