## MECCA FIRE INSURANCE COMPANY v. W. C. COGHLAN.

### Decided January 18, 1911.

**Fire Insurance—Several Buildings—Vacancy of One—Breach of Contract.**

A policy of fire insurance covered three buildings, describing and valuing them separately, but the three were so situated towards each other as to constitute one risk; the policy provided that "This policy shall be entirely void *in toto* as to every part and parcel, subject and divisions thereof . . . if a building herein described . . . be or become vacant or unoccupied and so

remain for ten days." Two of the buildings had been vacant for more than ten days when they were all destroyed by fire. Held, the vacancy of two of the buildings nullified the entire contract and the insured was not entitled to recover anything on the policy.

Appeal from the District Court of Harris County. Tried below before Hon. Norman G. Kittrell.

*W. L. Eason,* for appellant.—A fire insurance policy, containing three items, and each item covering a different house, and the houses being contiguous to each other and constituting one risk, and the policy providing that it shall be entirely void, *in toto,* as to every part and parcel, subject and division thereof, if a building therein described be or become vacant or unoccupied and so remain for ten days, is an entire contract, and is void *in toto* where one of the buildings is shown to be vacant or unoccupied for the requisite length of time. Bills v. Insurance Co., 87 Texas, 547; Curlee v. Insurance Co., 73 S. W.; 831, 986; Wright v. Insurance Co., 118 S. W., 191; Mecca Fire Insurance Co. v. Moore, 128 S. W., 441; Home Insurance Co. v. Smith, 32 S. W., 240.

The question of severability of the contract in such cases depends upon the nature of the risk, i. e., where the property is so situated that the risk on one item can not be affected without affecting the risk on the other items, the policy must be regarded as entire; but, where the property is so situated that the risk on each item is separate and distinct from the risk on the other items, so that what affects the risk on one item does not affect the risk on the others, the policy must be regarded as severable. Goorberg v. Western Assur. Co., 10 L. R. A. (N. S.), 879 (89 Pac., 130); Havens v. Home Ins. Co., 12 N. E., 137; Phenix Ins. Co. v. Pickel, 21 N. E., 546; Pickel v. Phenix Ins. Co., 21 N. E., 898; Worachek v. New Denmark, etc., 78 N. W., 411; Taylor v. Archor, etc., 88 N. W., 807; Western, etc., v. Stoddard, 7 So., 379; Republic, etc., v. Johnson, 76 Pac., 419; Hartshorne v. Agricultural, 14 Atl., 615; Herzog v. Palatine Ins. Co., 79 Pac., 287; Aetna Ins. Co. v. Resh, 6 N. W., 114; Phoenix Ins. Co. v. Public, etc., 37 S. W., 959; Baldwin v. Hartford, etc., 49 Am. Rep., 324.

The vacancy clause, as contained in this policy, is a warranty, and if breached the policy is void. Galveston Insurance Co. v. Long, 51 Texas, 91; Commercial U. Assurance Co. v. Dunbar, 7 Texas Civ. App., 421; East Texas, etc., v. Smith, 3 W. & W., secs. 281-282; The Sun Fire, etc., v. Hodges, 3 W. & W., sec. 268; East Texas Insurance Co. v. Kempner, 87 Texas, 235.

*John G. Tod,* for appellee.—An insurance company issuing a policy upon one building and constituting one risk, can not, by pasting riders or slips of paper on the policy, attempting to apportion on different parts of the risk the amount to be paid under the policy in case of loss, escape liability if any portion of the building insured is occupied. 7 Am. & Eng. Ency. of Law (1st ed.), 1037; Bryan v. Peabody Ins. Co., 8 W. Va., 605.

Vacancy of a part only of the property insured does not avoid the

insurance under the vacancy clause. 7 Am. & Eng. Ency. of Law (1st ed.), 1037; Hartford Fire Ins. Co. v. Smith, 3 Colo., 422; Harrington v. Fitchburg Ins. Co., 124 Mass., 126; Woodruff v. Imperial Fire Ins. Co., 83 N. Y., 133.

When an insurance policy covers two or more buildings, there is no breach of the condition against vacancy unless all of the buildings are vacant. Cooley's Briefs on Fire Insurance, 1660 et seq.; Bryan v. Peabody Ins. Co., 8 W. Va., 605; Worley v. State Ins. Co., 91 Iowa, 150, 59 N. W., 16, 51 Am. St. Rep., 334; Harrington v. Fitchburg Ins. Co., 124 Mass., 126; Central Montana Mines Co. v. Fireman's Fund Ins. Co., 99 N. W., 1120, 100 N. W., 3; Kimball v. Monarch Ins. Co., 70 Iowa, 513, 30 N. W., 862.

The language contained in a policy of insurance which expresses the terms of forfeiture will be strictly construed, and every doubt arising upon the terms of the policy must be resolved against the insurer. Bills v. Hibernian Ins. Co., 87 Texas, 547; Goddard v. Ins. Co., 67 Texas, 71; Equitable Life Ins. Co. v. Hazlewood, 75 Texas, 347; Wood on Fire Insurance, sec. 60.

McMEANS, ASSOCIATE JUSTICE.—In consideration of $25 paid by W. C. Coghlan to the Mecca Fire Insurance Company the latter issued to him a policy of fire insurance insuring him against loss by fire in the sum of $1000, as follows:

"Four hundred dollars on the two-story frame shingled roof building while occupied by tenants as courtroom on first floor and living rooms on second floor on corner of Broadway and State Streets, Harrisburg, Texas.

"Two hundred dollars on his one frame addition to the above building thereto attached which was used for grain and feed when building was used for merchandising.

"Four hundred dollars on the two-story frame shingled roof building, including foundations, gas and water pipes, bath tubs and water closets and connections, and stationary heating apparatus therein, occupied as a dwelling, situated on corner of Broadway and State Streets, in the town of Harrisburg, Texas, Harris County."

The property described in the policy having been destroyed by fire, Coghlan brought this suit against the insurance company to recover the full amount for which it was insured.

The undisputed testimony showed that one of the buildings described as a two-story frame shingled building was a residence house and that it had become vacant before the fire and so remained for more than ten days. It was further shown, without contradiction, that the other two-story building described as a storehouse had also become vacant before the fire and remained so for more than ten days. The building described as an "addition to the above building thereto attached" was shown to have been continuously occupied by tenants of the insured from the date of the issuance of the policy until the time of the fire. There was proof that the two buildings last referred to were so attached as to be regarded as one building.

The case was tried before a jury. After the testimony was heard the court instructed the jury to return a verdict for plaintiff for $600, being the amount for which the addition and the building to which it was attached were insured, and denied a recovery for the amount for which the residence was insured. The jury having returned a verdict in accordance with the instruction of the court a judgment thereon was duly entered for plaintiff, from which the defendant, after its motion for new trial had been overruled, appealed.

Appellant's first assignment complains that the court erred in overruling its motion for new trial on the grounds stated in paragraph 1 thereof, which are "that the verdict and judgment are contrary to the law and the evidence because the uncontradicted evidence showed that the policy sued on is divided into three items and that each item covers a separate building, and that the 'residence' and the 'storehouse'·covered by the policy were vacant and unoccupied at the time of the fire, and that each of said buildings had been vacant and unoccupied for more than ten days next preceding the fire, and the policy provides that same shall be void in the event a building described in the policy be or become vacant or unoccupied and so remain for ten days; and that said buildings were contiguous to each other and so situated as to constitute one risk."

The third assignment complains of the refusal of the court to give defendant's special charge No. 4 instructing the jury to return a verdict in its favor.

Appellant contends that the policy became void *in toto* when one of the buildings described therein became vacant and unoccupied and so remained for ten days prior to its destruction by fire. On the other hand the appellee maintains that the vacancy of a part only of the property insured does not avoid the insurance under the vacancy clause, and that when an insurance policy covers two or more buildings there is no breach of the condition against the vacancy unless all the buildings are vacant; and he cites several cases in support of his contentions. The court evidently held the view that vacancy of one of the buildings avoided the policy only in so far as that particular building was concerned, leaving the policy in full force as to the others.

The testimony is conclusive that the residence was a separate building and was not attached to the storehouse or the addition thereto in such a way as to make them one building. The parties by their contract recognized the existence of each of the three structures insured as separate structures and not as one building, but, while separate, the evidence leaves no doubt that the three were so situated with reference to each other as to constitute one risk.

The contract provides that "this policy shall be entirely void *in toto* as to every part and parcel, subject and divisions thereof . . . if *a* building herein described . . . be or become vacant or unoccupied and so remain for ten days." We think that the ruling of our Supreme Court in Bills v. Hibernia Insurance Co., 87 Texas, 547, is decisive of the question under discussion. We quote:

"The terms being that the policy shall be *entirely* void upon a certain

state of case, it can not become void in part in that event. A contract can not be entirely void and at the same time be partially valid. *Entirely void* means void *in toto,* in all its parts and as to all rights claimed under it. We agree with counsel for defendant that the contract is entire, and that if the facts bring the case within the language of the clause expressing the condition of the forfeiture it is void as to all the property embraced."

The expression "entirely void," as used above, is also used in the policy sued' on in the present case. But this policy goes further and in addition to providing that it shall be entirely void in the case stated, adds, "in toto, as to every part and parcel, subject and division thereof," if *a* building therein described become and remain vacant and unoccupied for ten days. Here the subject of insurance was buildings, and the parties recognized by their contract the insured property consisted of three buildings, and it was clearly provided in the contract that if *a* building, that is, *one* building, any *one* of the *three,* should remain vacant and unoccupied for ten days the policy should be entirely void, *in toto,* as to every part and parcel, subject and division. As said by Judge Brown in the case referred to, "It is unnecessary to enter into a discussion of the rules which govern in determining whether a policy of insurance upon different articles separately valued is to be held entire or not. . . . The language in this policy, however, is so definite upon the subject that there is no room for construction." We think that the facts bring the case within the language of the clause expressing the condition of the forfeiture, and that the policy became void *in toto* when one of the buildings became vacant and so remained for ten days, and that the court should have instructed a verdict for defendant as requested by the special charge.

In view of the above holding it becomes unnecessary to consider in detail the several cross-assignments of error presented by appellee in which he complains of the action of the trial court in denying to him a recovery of the amount for which the residence was insured; but it is sufficient to say that the cross-assignments present no reversible error, and are overruled. The judgment of the court below is reversed and judgment here rendered for appellant.

*Reversed and rendered.*