In consideration of $25 paid by W. C. Coghlan to the Mecca Fire Insurance Company the latter issued to him a policy of fire insurance insuring him against loss by fire in the sum of $1,000, as follows: "$400.00 on the two-story frame shingled roof building while occupied by tenants as courtroom on first floor and living rooms on second floor on corner of Broadway and State Sts., Harrisburg, Texas. $200.00 on his one frame addition to the above building thereto attached which was used for grain and feed when building was used for merchandising. $400.00 on the two-story frame shingled roof building, including foundations, gas and water pipes, bath tubs and water-closets and connections, and stationary heating apparatus therein occupied as a dwelling, situated on corner of Broadway State Sts., in the town of Harrisburg, Texas, Harris County." The property described in the policy having been destroyed by fire, Coghlan brought this suit against the insurance company to recover the full amount for which it was insured.
The undisputed testimony showed that one of the buildings described as a two-story frame shingled building was a residence house and that it had become vacant before the fire and so remained for more than 10 days. It was further shown, without contradiction, that the other two-story building described as a storehouse had also become vacant before the fire and remained so for more than 10 days. The building described as an "addition to the above building thereto attached" was shown to have been continuously occupied by tenants of the insured from, the date of the issuance of the policy until the time of the fire. There was proof that the two buildings last referred to were so attached as to be regarded as one building. The case was tried before a jury. After the testimony was heard the court instructed the jury to return a verdict for plaintiff for $600, being the amount for which the addition and the building to which it was attached were insured, and denied a recovery for the amount for which the residence was insured. The jury having returned a verdict in accordance with the instruction of the court, a judgment thereon was duly entered for plaintiff, from which the defendant, after its motion for new trial had been overruled, appealed.
Appellant's first assignment complains that the court erred in overruling its motion for new trial on the grounds stated in, paragraph 1 thereof, which are "that the verdict and judgment are contrary to the law, and the evidence because the uncontradicted evidence showed that the policy sued on is divided into three items, and that each item covers a separate building, and that the `residence' and the `storehouse' covered by the policy were vacant and unoccupied at the time of the fire, and that each of said buildings had *Page 267 
been vacant and unoccupied for more than ten days next preceding the fire, and the policy provides that same shall be void in the event a building described in the policy be or become vacant or unoccupied and so remain for ten days; and that said buildings were contiguous to each other and so situated as to constitute one risk."
The third assignment complains of the refusal of the court to give defendant's special charge No. 4 instructing the jury to return a verdict in its favor.
Appellant contends that the policy became void in toto when one of the buildings described therein became vacant and unoccupied and so remained for 10 days prior to its destruction by fire. On the other hand, the appellee maintains that the vacancy of a part only of the property insured does not avoid the insurance under the vacancy clause, and that when an insurance policy covers two or more buildings, there is no breach of the condition against the vacancy unless all the buildings are vacant; and he cites several cases in support of his contentions. The court evidently held the view that vacancy of one of the buildings avoided the policy only in so far as that particular building was concerned, leaving the policy in full force as to the others.
The testimony is conclusive that the residence was a separate building, and was not attached to the storehouse, or the addition thereto, in such a way as to make them one building. The parties by their contract recognized the existence of each of the three structures insured as separate structures, and not, as one building, but while separate, the evidence leaves no doubt that the three were so situated with reference to each other as to constitute one risk. The contract provides that "this policy shall be entirely void in toto as to every part and parcel, subject and divisions thereof * * * if a building herein described * * * be or become vacant or unoccupied and so remain for ten days." We think that the ruling of our Supreme Court in Bills v. Insurance Company, 87 Tex. 547,29 S.W. 1063, 29 L R. A. 706, 47 Am.St.Rep. 121, is decisive of the question under discussion. We quote: "The terms being that the policy shall be entirely void upon a certain state of case, it cannot become void in part in that event. A contract cannot be entirely void and at the same time be partially valid. Entirely void means void in toto, in all its parts, and as to all rights claimed under it. We agree with counsel for defendant that the contract is entire, and that if the facts bring the case within the language of the clause expressing the condition of the forfeiture it is void as to all the property embraced."
The expression "entirely void," as used above, is also used in the policy sued on in the present case. But this policy goes further, and, in addition to providing that it shall be entirely void in the case stated, adds, "in toto, as to every part and parcel, subject and division thereof," if a building therein described become and remain vacant and unoccupied for 10 days. Here the subject of insurance was buildings, and the parties recognized by their contract the insured property consisted of three buildings, and it was clearly provided in the contract that if a building (that is, one building — any one of the three) should remain vacant and unoccupied for 10 days the policy should be entirely void, in toto, as to every part and parcel, subject and division. As said by Judge Brown in the case referred to: "It is unnecessary to enter into a discussion of the rules which govern in determining whether a policy of insurance upon different articles separately valued is to be held entire or not. * * * The language in this policy, however is so definite upon the subject that there is no room for construction." We think that the facts bring the case within the language of the clause expressing the condition of the forfeiture, and that the policy became void in toto when one of the buildings became vacant and so remained for 10 days, and that the court should have instructed a verdict for defendant as requested by the special charge.
In view of the above holding it becomes unnecessary to consider in detail the several cross-assignments of error presented by appellee in which he complains of the action of the trial court in denying to him a recovery of the amount for which the residence was insured, but it is sufficient to say that the cross-assignments present no reversible error and are overruled. The judgment of the court below is reversed and judgment here rendered for appellant.
Reversed and rendered.