### DOWNEY v. GERMAN ALLIANCE INS. CO. et al.

#### (Circuit Court of Appeals, Fourth Circuit.    July 2, 1918.)

#### No. 1614.

INSURANCE ⟜282(14)—FIRE INSURANCE POLICIES—CONSTRUCTION.
 Where a fire policy, which insured a building in a specified amount and personal property in a specified amount, provided that the entire policy should be void if the subject of insurance be personal property and be or become incumbered by a chattel mortgage, the fact that the personal property was mortgaged does not invalidate the insurance on the building, for the policy, which was on the standard New York form prescribed by the laws of West Virginia, should be given the effect of two different contracts, one applicable to the building, and the other to the personalty.

In Error to the District Court of the United States for the Northern District of West Virginia, at Martinsburg; Alston G. Dayton, Judge.

Action by William W. Downey, receiver of the Stewart Vehicle Company, against the German Alliance Insurance Company and another. There was a judgment on directed verdict for defendants, and plaintiff brings error. Reversed.

John O. Henson, of Martinsburg, W. Va., and Malcolm Jackson, of Charleston, W. Va., for plaintiff in error.

W. Calvin Chestnut, of Baltimore, Md., and John W. Davis, of Clarksburg, W. Va. (Allen B. Noll, of Martinsburg, W. Va., on the brief), for defendants in error.

Before KNAPP and WOODS, Circuit Judges, and SMITH, District Judge.

KNAPP, Circuit Judge. For a detailed statement of facts reference is made to the opinion of this court in the kindred case of Hartford Fire Insurance Co. v. Downey, Receiver, 223 Fed. 707, 139 C. C.

A. 237. On September 15, 1912, the factory and its contents of the Stewart Vehicle Company, of Martinsburg, W. Va., were destroyed by fire. The insurance in force was $21,500 on the building, $80,500 on the stock of merchandise, and $5,500 on the machinery, or a total of $107,500, which is approximately the amount at which the loss was adjusted. The policies were all of the New York standard form, prescribed also by the laws of West Virginia, and contained the following provision:

"This entire policy shall be void if * * * the subject of insurance be personal property and be or become incumbered by a chattel mortgage."

Claiming that this provision had been violated, the insurance companies refused payment of the loss, and thereupon, in 1913, suits were brought against them by plaintiff in error, who had been appointed receiver of the vehicle company shortly after the fire. Some of the suits were brought in the state courts at Martinsburg, and others in the United States District Court for the Northern District of West Virginia. The first case tried was the one against the Hartford Fire Insurance Company, supra, whose policy covered merchandise only. The judgment for plaintiff in that case, entered upon a verdict of the jury, was reversed by this court on the ground that the undisputed evidence showed that the insured property had "become incumbered by a chattel mortgage," which avoided the policy, and that therefore the trial court should have directed a verdict for the defendant. A petition for rehearing was considered and denied. In the meantime, and before the decision of this court, the case against the National Fire Insurance Company was tried in the state court, with the result of a verdict and judgment for plaintiff. That judgment was affirmed, some months after our decision in the Hartford Case was announced, by the Supreme Court of Appeals of West Virginia. Downey, Receiver, v. National Fire Insurance Co., 77 W. Va. 386, 87 S. E. 487. Thereupon the receiver applied to the Supreme Court of the United States for a certiorari in the Hartford Case, but the application was refused. 241 U. S. 671, 36 Sup. Ct. 722, 60 L. Ed. 1230.

The case against these defendants, tried in September, 1917, was submitted by stipulation of counsel on the proofs of record here in the Hartford Case, and consequently as regards the chattel mortgage the same facts precisely are again before us. The only difference is that the policy now under review was not on merchandise only, but partly on the building and partly on the merchandise, and this presents a question of law which did not arise in the former suit. The court below, following our decision in the Hartford Case, directed a verdict for defendant as to the entire policy, thereby holding in effect that it was an indivisible contract, which was wholly avoided by the breach of the chattel mortgage condition.

The elaborate argument of plaintiff in error for a reversal of our former decision is quite unconvincing. It seems for the most part to miss the point. There is no dispute as to the meaning of the policy, or of the statute which prescribes its form. All parties agree that a violation of the chattel mortgage provision avoids the policy; all agree that, if the bonds in question were actually pledged to the Trust Com-

pany, that pledge constituted a chattel mortgage within the meaning of the policy; and all agree that, if such a pledge was made, the plaintiff cannot recover for the personal property destroyed. As to that property the sole question is one of fact as to whether or not a pledge of the bonds had been consummated before the fire. We held in the Hartford Case that this question was improperly submitted to the jury, because the uncontradicted evidence showed beyond any reasonable doubt that the bonds had been completely and unconditionally pledged prior to the fire; and our reasons for so holding are stated at some length in the opinion above cited. It is enough to say that we adhere to that ruling, and with the more confidence because it seems to us, after studious re-examination, that fair-minded judgment can reach no other conclusion on the record here presented. In this court the question is not open to further discussion.

Is the policy in suit a divisible contract? It recites that the "aggregate amount insured" is $9,000, the rate 1.25 and 1.50, and the premium $127.50. The insured property is described, in a typewritten statement pasted on the printed form, headed "The Stewart Vehicle Company," and containing two separate items or paragraphs, as follows:

"$3,000.00—On their three story and basement brick building," etc.

"$6,000.00—On their buggies manufactured and in the process of manufacture," etc.

The aggregate premium is the 1.25 rate applied to $3,000, plus the 1.50 rate applied to $6,000. It will thus be seen that two distinct classes of property were insured, each for a separate and specified sum. Both classes were included in the mortgage given by the vehicle company, but concededly the giving of that mortgage affected in no wise a policy confined to the building. This being so, we find it difficult to see why a policy which insured the building for a stated amount, and as a separate subject of insurance, should be held invalidated as to that insurance by the chattel mortgage provision in question, merely because the same policy also covered, as another and distinct subject of insurance, a quantity of personal property as to which it became invalidated by the incumbrance of a chattel mortgage.

It is a matter of common knowledge that an insurance agent usually represents a number of companies, and must do so in order to carry a large risk, like a factory and its contents, because only a small part of such a risk will be taken by any one company. For example, the insurance in question embraced about 40 policies, some on the building alone, some on the stock alone, others on building and stock, and still others on building, stock, and machinery. Ordinarily, the distribution among the various companies of a risk of this kind is not directed, or even known in advance, by the insured, but left to the judgment and discretion of the agent; and this for the reason that, as a rule, the insured is indifferent as to how or where the aggregate insurance shall be placed. It therefore seems to us that the inclusion in the policy in suit of both building and merchandise, each for a specified amount and as a distinct subject of insurance, was a mere incident of insuring the entire property, which should not charge the vehicle company with the

consequences now asserted. In other words, whilst this policy is in form a single contract, it is in substance and effect two contracts, each separate from the other and complete in itself, and so in our opinion it should be regarded for the purpose now in hand. ' Moreover, it is to be noted that the one standard form of policy is used for all classes of property, though obviously some of its provisions are applicable to one class, but not to another. For this reason, also, we think a violation of the chattel mortgage clause, which relates to personal property only, should not be permitted, in a case like this, to vitiate the separate realty insurance, which may happen to be included with the separate insurance of merchandise in the same policy. To hold in such case that the entire policy is avoided is to construe the clause as though it read, "if the subject of insurance *or any part thereof* be personal property and be or become incumbered by a chattel mortgage," which would give the clause a meaning not required by its language, not fairly applicable to the facts, and not consistent with justice to the insured.

The distinction appears to be this: A blanket policy, which insures two or more classes of property for a gross sum, as a single subject of insurance, without separation into items, and without specifying the amount for which each class is insured, has been held an indivisible contract, which would be wholly avoided by a violation of the chattel mortgage condition. Such a policy was before the court in Fries-Breslin Co. v. Star Fire Ins. Co., 154 Fed. 35, 83 C. C. A. 147, relied upon by defendants in error. Such also was the policy in Dumas v. Northwestern Nat. Ins. Co., 12 App. D. C. 245, 40 L. R. A. 358. But where, as in this case, the two classes of property insured are clearly and definitely separated, each being made a distinct subject of insurance, and each being insured for a specified sum, it seems but reasonable to hold that the contract is divisible, and that the insurance on the building is not avoided by a chattel mortgage, which invalidates the insurance on the personal property.

It would serve no useful purpose to review the conflicting decisions upon the question here considered. As we read the cases, the decided weight of state authority supports the views above expressed. In New York, where the standard form originated, the divisibility of an insurance contract like the one before us has been repeatedly affirmed. Merrill v. Agricultural Ins. Co., 73 N. Y. 452, 29 Am. Rep. 184, frequently cited with approval; Knowles v. Am. Ins. Co., 142 N. Y. 641, 37 N. E. 567; Kiernan v. Dutchess Co. Mutual Ins. Co., 150 N. Y. 190, 44 N. E. 698; Donley v. Glens Falls Ins. Co., 184 N. Y. 107, 76 N. E. 914, 6 Ann. Cas. 81. Some of the decisions of other states to the same effect are Radford v. Carwile, 13 W. Va. 660; Fisher v. Ins. Co., 74 W. Va. 694, 83 S. E. 729, L. R. A. 1915C, 619; Commercial Ins. Co. v. Spankneble, 52 Ill. 53, 4 Am. Rep. 582; Light v. Greenwich Ins. Co., 105 Tenn. 480, 58 S. W. 851; Trabue v. Dwelling House Ins. Co., 121 Mo. 75, 25 S. W. 848, 23 L. R. A. 719, 42 Am. St. Rep. 523; and Bills v. Hibernia Ins. Co., 87 Tex. 547, 29 S. W. 1063, 29 L. R. A. 706, 47 Am. St. Rep. 121, in which the subject is discussed at length.

The federal cases are few in number. Four only are cited by defendants. Atlas Reduction Co. v. New Zealand Ins. Co., 138 Fed. 497,

71 C. C. A. 21, 9 L. R. A. (N. S.) 433, throws no light on the question and may be disregarded. Fries-Breslin Co. v. Star Fire Ins. Co., supra, and Dumas v. Northwestern Nat. Ins. Co., supra, are not in point, as we think, for they deal with blanket policies which seem clearly distinguishable. In McKernan v. North River Ins. Co. (D. C.) 206 Fed. 984, a policy similar to the one in suit was held not divisible; but, with all respect for the learned judge who decided that case, we cannot accept the theory of a constructive increase of the building risk resulting from a chattel mortgage on its contents. It is understood that insurance companies give consent almost as a matter of course to the execution of mortgages on the insured property, unless some exceptional reason induces refusal. When a large amount is placed on different classes of property, as a store or factory and its stock of merchandise, the risk is not in fact regarded as entire, for the companies issue indiscriminately separate policies on each class, or policies covering both classes, according to their own judgment or interest, as appears to have been done in the present instance. In short, in the circumstances of this case, and in the absence of any authority which should control our decision, we are constrained to hold that the policy in question was not avoided as to the $3,000 of insurance on the building of the vehicle company.

It follows that the court below was in error in directing a verdict for defendant on the entire policy, but should have directed a verdict for plaintiff for the amount of insurance on the building.

Reversed.

---

⚖️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes