## NORTHERN ASSUR. CO., LIMITED, OF LONDON, v. CASE.

(Circuit Court of Appeals, Fourth Circuit. April 14, 1926.)

No. 2446.

1. **Insurance ⬥385—Knowledge of agent issuing insurance policy does not waive breach of conditions in policy, where policy makes written indorsement condition precedent to waiver of terms by agent.**

Under insurance policy providing that no officer or agent shall have power to waive any of terms of policy except by written indorsement, mere knowledge on part of agent issuing policy does not waive breach of conditions therein contained.

2. **Insurance ⬥268, 309.**

Under policy covering two classes of property definitely separated and insured for specified sums, insurance on one class is not invalidated by breach of condition applying to other class alone.

3. **Insurance ⬥282(14)—Under policy insuring a house and furniture separately and at different rates, breach of condition relating to house held not to invalidate insurance on furniture.**

Under fire policy insuring house and furniture separately, at specified and different

rates, and providing that entire policy shall be void, if subject of insurance be building on ground not owned by insured in fee simple, *held* that breach of such condition does not invalidate insurance on the furniture; the policy being a divisible contract.

In Error to the District Court of the United States for the Western District of North Carolina, at Asheville; Edwin Y. Webb, Judge.

Action by W. B. Case against the Northern Assurance Company, Limited, of London. Judgment for plaintiff, and defendant brings error. Affirmed.

John M. Robinson, of Charlotte, N. C., for plaintiff in error.

McD. Ray and O. V. F. Blythe, both of Hendersonville, N. C., for defendant in error.

Before WADDILL and PARKER, Circuit Judges, and McDOWELL, District Judge.

PARKER, Circuit Judge. This action was instituted to recover on a policy of fire insurance issued by plaintiff in error, on a house and furniture in Hendersonville, N. C., which was subsequently destroyed by fire. The insured was the owner of the house, but not of the lot upon which it was situate. He was also the owner of a lot of furniture situate in the house.

The policy, which was in the New York standard form prescribed by statute for use in North Carolina, insured the house for $5,000 and the furniture for $1,000. It was issued in consideration of the payment of a premium of $68.70, of which $56 was paid at a rate of $1.12 on the $5,000 insurance on the house and $12.70 at a rate of $1.27 on the furniture. It contained, among other provisions, one reading as follows: "This entire policy shall be void, unless otherwise provided by agreement in writing added hereto, (a) if the interest of the insured be other than unconditional and sole ownership; or (b) if the subject of insurance be a building on ground not owned by insured in fee simple." It is admitted that the local agent who issued the policy was thoroughly familiar with the fact that the house was situate on land not belonging to the insured, but that no agreement in writing waiving the conditions quoted was added to the policy. There is no contention that the fire was of incendiary origin or that any fraud was practiced on the company.

In answer to special interrogatories submitted under the North Carolina practice, the jury found the value of the house to be $2,200 and the value of the furniture $1,500. The court thereupon held that the insured was entitled to recover under the policy to the extent of the insurance on the furniture, but was not entitled to recover anything on account of the insurance on the house; and judgment was entered in favor of the insured, upon the pleadings, admissions of record and verdict, for the sum of $1,000.

The company in apt time moved for nonsuit and for a directed verdict and excepted to the refusal of these and also to the signing of the judgment. The insured did not except to the judgment or sue out a writ of error to review same. Only the exceptions of the company, therefore, are before the court, and they present but a single point: Was the policy void as to the insurance on the furniture because the house in which it was situate was on ground not belonging to the insured? The company contends that this constituted a breach of the condition quoted above, and that the policy was therefore void. The insured contends (1) that the condition was waived because the company's agent, at the time of issuing the policy, had knowledge that insured was not the owner of the lot on which the house was situate; and (2) that the policy, as between the insurance on the house and that on the furniture, was a divisible contract, and that breach of a condition relating only to the title of the house would not affect the insurance on the furniture.

[1] The first contention of insured cannot be sustained. In the federal courts, it is well settled that where, as in this case, the policy provides that no officer or agent shall have power to waive any of its terms, except by written indorsement, mere knowledge on the part of the agent issuing the policy does not waive breach of the conditions therein contained. Lumber Underwriters of New York v. Rife, 237 U. S. 605, 35 S. Ct. 717, 59 L. Ed. 1140; Penman v. Ins. Co., 216 U. S. 311, 30 S. Ct. 312, 54 L. Ed. 493; Northern Assurance Co. v. Grand View Building Ass'n, 183 U. S. 308, 22 S. Ct. 133, 46 L. Ed. 213; Fidelity-Phenix Fire Ins. Co. v. Queen City Bus & Transfer Co. (C. C. A. 4th) 3 F. (2d) 784.

[2] The second contention of insured, however, is a valid one. It is settled in this circuit that, where a policy of insurance covers two classes of property which are clearly and definitely separated, each being made a distinct subject of insurance, and each being insured for a specified sum, the contract is divisible, and that insurance on one class is not invalidated by the breach of a condition which applies to the other class alone; and

that this rule will be applied in the case of a policy of insurance covering a building and its contents, where each is made a distinct subject of insurance as required by the rule. Downey v. German Alliance Insurance Co. (C. C. A. 4th) 252 F. 701, 164 C. C. A. 541, where the authorities from different jurisdictions are cited.

[3] While the breach of the condition in the Downey Case related to the personal property covered by the policy, and this was held not to invalidate the insurance as to the building, the principle involved is identically the same as the principle involved in the case at bar. In that case a policy of insurance was issued for $3,000 on the factory building of the Stewart Vehicle Company of Martinsburg, W. Va., and for $6,000 on its contents, being buggies manufactured and in process of manufacture. In that case, as in this, a different rate was charged on the personal property from the rate charged on the building. The policy in that case, as in this, was in standard form and provided that the entire policy should be void if the subject of insurance be personal property and be or become incumbered by a chattel mortgage. The personal property insured by the policy was covered by a chattel mortgage, and it was contended by the company that the entire policy was avoided as a result thereof. This court held, however, that the policy was severable, and that the effect of the chattel mortgage was to avoid the insurance on the personal property contained in the building, but not upon the building itself. The reason for the rule cannot be better stated than it was by Judge Knapp in that case, as follows:

"It will thus be seen that two distinct classes of property were insured, each for a separate and specified sum. Both classes were included in the mortgage given by the vehicle company, but concededly the giving of that mortgage affected in no wise a policy confined to the building. This being so, we find it difficult to see why a policy which insured the building for a stated amount, and as a separate subject of insurance, should be held invalidated as to that insurance by the chattel mortgage provision in question, merely because the same policy also covered, as another and distinct subject of insurance, a quantity of personal property as to which it became invalidated by the incumbrance of a chattel mortgage. * * * Whilst this policy is in form a single contract, it is in substance and effect two contracts, each separate from the other and complete in itself, and so in our opinion it should be regarded for the purpose now in hand. Moreover, it is to be noted that the one standard form of policy is used for all classes of property, though obviously some of its provisions are applicable to one class, but not to another. For this reason, also, we think a violation of the chattel mortgage clause, which relates to personal property only, should not be permitted, in a case like this, to vitiate the separate realty insurance, which may happen to be included with the separate insurance of merchandise in the same policy. To hold in such case that the entire policy is avoided is to construe the clause as though it read, 'if the subject of insurance or any part thereof be personal property and be or become incumbered by a chattel mortgage,' which would give the clause a meaning not required by its language, not fairly applicable to the facts, and not consistent with justice to the insured.

"The distinction appears to be this: A blanket policy, which insures two or more classes of property for a gross sum, as a single subject of insurance, without separation into items, and without specifying the amount for which each class is insured, has been held an indivisible contract, which would be wholly avoided by a violation of the chattel mortgage condition. * * * But where, as in this case, the two classes of property insured are clearly and definitely separated, each being made a distinct subject of insurance, and each being insured for a specified sum, it seems but reasonable to hold that the contract is divisible, and that the insurance on the building is not avoided by a chattel mortgage, which invalidates the insurance on the personal property."

The Downey Case cannot be distinguished in principle from the case at bar, and the only question before us is whether we shall follow or overrule that decision. We think that it should be followed. It is true that some of the state courts of high authority hold policies of insurance upon a building and its contents indivisible, on the theory that there is an identity of risk; but other state courts, equally entitled to respect, hold the contrary doctrine. We think that the true line of demarcation between policies which should be treated as divisible and those which should not be so treated is that pointed out by Judge Knapp in the paragraph last quoted above.

Instead of being disposed to overrule the Downey Case, we think that the facts of the case at bar illustrate the correctness of the rule there established. Here, the personal property insured was separately valued from the building. It was insured for a separate amount. The premium paid was in reality a

combination of two separate and distinct premiums assessed separately and at different rates on the two classes of property. The contract insuring the personal property was as clearly distinct from the contract insuring the house, therefore, as though it had been embodied in a separate policy, as it doubtless would have been if. insured had so requested. The fact that these two really separate and distinct contracts were included in one instrument seems to us a mere incident in the insuring of the property, and one should not be avoided by the breach of a condition applicable only to the other. The policy issued was on a printed form containing standard provisions, some applicable only to buildings and others applicable only to personal property, the clause upon which the company relies to establish a forfeiture being one applicable only to buildings. To hold that the breach of the condition contained in this clause avoids the contract insuring the personalty, would, it seems to us, do violence to two well-settled rules of insurance law— one to the effect that forfeitures are not favored, and the other to the effect that policies are construed most strongly against the companies issuing them.

It is said, however, that the language of the policy provides that upon breach of the conditions enumerated the *"entire"* policy shall be void," and that the company is entitled to have the policy literally interpreted and the "entire" policy declared void for breach of the condition in question. But, we do not think that even this sort of literal interpretation helps the company. The exact language of the condition of forfeiture relied on is, "if the subject of insurance be a building on ground not owned by insured in fee simple." And, as pointed out in a leading case, " 'the subject of insurance' as used in the condition of forfeiture, means a definite single subject; that is, a house, one house, and not a house and other property. If we consider all of the insured property [consisting of the house and the furniture] as constituting the subject, then the subject was not a house, and the facts do not fall within the terms of the contract. If we consider each piece of property as a separate subject of insurance, then the house was not the subject, but one of the subjects, and in either case the facts proved do not establish the contingency upon the happening of which the policy is to be entirely void." Bills v. Hibernia Ins. Co., 87 Tex. 547, 29 S. W. 1063, 29 L. R. A. 706, 47 Am. St. Rep. 121.

It is unnecessary that we review the con-

flicting decisions, for, as stated above, we think that the correct rule is that laid down by this court in the Downey Case.

It follows that the judgment of the District Court was correct, and same is accordingly affirmed.

Affirmed.