### HARRISON v. HARTFORD FIRE INS. Co.

*(Circuit Court, E. D. Missouri, E. D. May 18, 1887.)*

1. **EQUITY—REFORMATION OF POLICY OF INSURANCE—OMISSION OF PROVISION.**
    In order to obtain the reformation of a policy of insurance on the ground that a provision orally agreed upon has been omitted, it must be clearly and satisfactorily proved that before the policy was issued there was a distinct agreement that the policy should contain such provision, and that through inadvertence or mistake the stipulation was omitted. If the testimony is conflicting or of such undecisive character as to raise a substantial doubt in the minds of the court, the contract as written must stand.

2. **SAME.**
    Besides the ordinary burden of proof which rests upon every litigant who holds the affirmative of an issue there is in this class of cases the additional burden of overcoming the strong presumption created by the contract itself.

3. **SAME—REPRESENTATIONS AFTER DELIVERY—AGENCY.**
    Where a party to whom a policy of fire insurance upon a building had been issued, deposited it with the agent of the insurer for safe-keeping, and afterwards asked such agent how long the premises might remain vacant without violating the policy, and was told 30 days, whereas in fact the policy provided that it should be void if the premises remained vacant for more than 10 days, and a loss afterwards occurred, when the premises had been vacant for more than 10 days, *held*, that the assured had made the party with whom he deposited the policy his own agent; that his misstatement constitutes no ground for reforming the policy, and that the insurer is not liable.

In Equity.

*E. P. Johnson*, for complainant.

*Noble & Orrick*, for defendant.

THAYER, J., *(orally.)* In the case of *Calvin Harrison* v. *The Hartford Fire Insurance Company* the complainant has filed a bill to reform a policy of fire insurance on the ground of mistake. The bill alleges substantially that complainant applied to the defendant for a policy of fire insurance upon a house situated in Lewis county, which policy was to run for a year, and was to be issued in the sum of $1,000; that at the time of making the application for this policy he entered into an oral stipulation with the defendant's agent that the policy should contain a clause to the effect that the premises might remain vacant for a period of 30 days without impairing the policy. After the policy was issued it seems to have been committed by the complainant to the custody of the defendant's agent, who had procured the policy, for safe-keeping, and it re-

mained in his custody for several months until after a fire had occurred which destroyed the premises. After the fire occurred the policy was examined, and it was found to contain a clause to the effect that it should become void if the premises remained vacant for more than 10 days, and, inasmuch as the premises had been vacant for more than 10 days at the time the fire occurred, the defendant refused to adjust the loss. Thereupon this bill was brought to correct the alleged mistake.

The rule is well settled that an application to reform a written contract on the ground of accident or mistake must be supported by clear and satisfactory proof, otherwise it will not be granted. If the testimony is conflicting or of such undecisive character as to raise a substantial doubt in the minds of the court, the contract as written must stand. Besides the ordinary burden of proof which rests upon every litigant who holds the affirmative of an issue, there is in this class of cases the additional burden of overcoming the strong presumption created by the contract itself, which the proceeding seeks to reform. I refer to May, Ins. § 566, and a large number of cases cited in the note to that section. In deference to the foregoing rule I am compelled to dismiss the present bill.

The testimony upon which chief reliance is placed to make out the allegations of this bill is that of the complainant's son, who testified in substance that when he applied for this policy he inquired of the agent of the defendant how long the premises might remain vacant without vitiating the policy, and that the agent replied 30 days. The agent of the defendant (who seems to testify in this case very fairly) states that he has no recollection of having had any such conversation with the complainant's son. He does recollect that several weeks after the policy was issued, and after it was placed in his custody for safe-keeping, the complainant himself inquired of him (the premises then being vacant) how long the premises might remain vacant, without vitiating the policy, and he says that he may have answered that question by saying 30 days, but whether he did make such an answer or not he does not recollect. If he made such an answer to the complainant's inquiry, of course it was an erroneous answer, and it may have misled the complainant, but if the complainant was misled by that statement he was misled by his own agent (to whom he had intrusted the policy for safe-keeping) as to the contents of the policy. In any event a statement of that kind made after the policy had been written and delivered would be no ground for reforming the policy. In order to reform the policy it must clearly appear that before the policy was issued there was a distinct oral agreement that the policy should contain a clause to the effect that the premises might remain vacant 30 days, and that through inadvertence or mistake the stipulation was omitted from the policy. As I stated before the proof does not satisfy me that there was any such oral agreement antedating the execution of the written policy, and for that reason I am compelled to dismiss the bill.