FRIES, BRESLIN CO. v. STAR FIRE INS. CO.

(Circuit Court, E. D. Pennsylvania. February 6, 1907.)

No. 28.

INSURANCE—AVOIDANCE FOR BREACH OF CONDITION—INCUMBRANCE ON PROPERTY.

A policy of fire insurance, which contains a provision that it shall be void "if the subject of insurance be personal property and be or become incumbered by a chattel mortgage," is avoided in its entirety, where it covers personal property which was incumbered by chattel mortgages at the time it was issued, which fact was not disclosed to the insurer, and this although the policy also covers real property belonging to the same owner.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, §§ 636–646.]

At Law. On motion for judgment non obstante veredicto.

John G. Johnson, for plaintiff.

Arthur S. Arnold, for defendant.

J. B. McPHERSON, District Judge. The policy of insurance upon which this suit was brought contains the provision that "this entire policy shall be void if the subject of insurance be personal property and be or become incumbered by a chattel mortgage." The subject of insurance was both real and personal property, and it is undisputed that when the insurance was effected there were two chattel mortgages upon the personal property, the existence of which was not disclosed to the insurance company. It is sought to avoid the effect of the foregoing provision by the argument that the forfeiture is only intended to apply

when the policy covers personal property only, and. does not embrace real estate as well; and this contention is apparently supported by three or four isolated cases. The overwhelming weight of authority, however, is against this position, and I think the weight of reason is against it also. The provision is essentially concerned with the moral risk, and this is undoubtedly affected if the property be incumbered at the time when it is insured, without the knowledge and consent of the underwriter; and this is true whether the policy embraces, or does not embrace, both real and personal property belonging to the same owner. I see no reason for straining the natural construction of the policy so as to reach the result desired by the plaintiff, but, on the contrary, am quite content to follow the many authorities that support the defendant's position.

Judgment is directed to be entered in favor of the defendant, notwithstanding the verdict.