## MULROONEY v. ROYAL INS. CO. OF LIVERPOOL, ENGLAND.

(Circuit Court of Appeals, Eighth Circuit. August 21, 1908.)

No. 2,815.

1. INSURANCE—CONDITIONS IN POLICY—INCUMBRANCE OF PROPERTY.

A provision in an insurance policy that a mortgage placed upon the property insured shall render the policy void, unless consent of the company thereto shall be indorsed in writing on the policy, is valid and enforceable.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, § 829.]

2. SAME—AUTHORITY OF AGENT TO WAIVE CONDITIONS—IOWA STATUTE.

A provision in a policy of insurance that none of its terms shall be modified or waived by an agent, except in writing indorsed upon the policy, is valid, both under the general law and under Code Iowa, §. 1750, which provides that any agent who may solicit insurance, procure applications, issue policies, adjust losses, or transact business generally for an insurance company "shall be held to be the agent of such insurance company with authority to transact all business within the scope of his employment, anything in the application, policy, contract, by-laws, or articles of incorporation of such company to the contrary notwithstanding"; such provision of the policy being one merely regulating the manner in which the agent may exercise his authority.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, § 1020.]

3. SAME—ADVERSE INTEREST OF AGENT.

An agent of an insurance company, who issued a policy on a stock of goods and afterward took a chattel mortgage on the stock in favor of a bank of which he was cashier and part owner, could not as such agent consent to such mortgage on behalf of the company.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, § 948.]

4. SAME—CONSENT TO INCUMBRANCE—CONSTRUCTION OF INDORSEMENT.

The written consent of an insurance company that the interest of an insured "as owner of the property" insured be assigned to another, indorsed on the policy by an agent, is not a consent to the incumbering of the property by a mortgage, although the agent knew that such was the nature of the transaction and verbally consented thereto.

163 F.—53

In Error to the Circuit Court of the United States for the Northern District of Iowa.

Fred B. Dodge (Clarence A. Webber and P. F. Nugent, on the brief), for plaintiff in error.

Jerry B. Sullivan (John B. Sullivan, on the brief), for defendant in error.

Before SANBORN and VAN DEVANTER, Circuit Judges, and W. H. MUNGER, District Judge.

W. H. MUNGER, District Judge. This action was commenced to recover for a loss upon a policy of fire insurance. The cause was tried to the court. The trial judge made findings of fact and filed an opinion containing the conclusions of law which actuated him in rendering judgment for defendant. Such findings of fact and opinion are fully stated in 157 Fed. 598. It will, therefore, be unnecessary for us to more than briefly mention some of the facts. The policy of insurance was issued December 12, 1906, to one O. O. Kendall, who was then the owner of the stock of merchandise covered by the policy. The policy contains provisions to the effect that the entire policy, unless otherwise provided by agreement indorsed thereon or added thereto, shall be void, if the interest of the insured be other than unconditional or sole ownership, or if the subject of insurance be personal property and be or become incumbered by a chattel mortgage, and also the following:

"This policy is made and accepted subject to the foregoing stipulations and conditions, together with such other provisions, agreements, or conditions as may be indorsed hereon or added hereto, and no officer, agent, or representative of this company shall have power to waive any provision or condition of this policy, except such as by the terms of this policy may be the subject of agreement indorsed hereon or added hereto, and as to such provisions and additions no officer, agent, or representative shall have such power, or be deemed or held to have waived such provisions or conditions, unless such waiver, if any, shall be written upon or attached hereto. Nor shall any privilege or permission affecting the insurance under this policy exist, or be claimed by the insured, unless so written or attached."

On February 12, 1907, insured made and delivered to one H. H. Buck a bill of sale of the property so insured; said bill of sale being in fact a chattel mortgage to secure the Harris Savings Bank and the Harris Mercantile Company, both of Harris, Iowa. Under the title "Assignment of Interest by Insured," O. O. Kendall indorsed upon the policy the following:

"The interest of O. O. Kendall, as owner of property covered by this policy, is hereby assigned to H. H. Buck, subject to the consent of the Royal Insurance Company.      O. O. Kendall.
"Dated 2–12–1907.

—and delivered the same to A. E. Buck, defendant's local agent, who issued the policy, with the request that said Buck get the company's consent to the making of said bill of sale, which said A. E. Buck verbally agreed to do; and on February 15th A. E. Buck sent the policy to Miller & Coleman, of George, Iowa, who were agents of defendant at that place, with the request that they attach to the policy a loss

clause payable to H. H. Buck, as holder of the bill of sale. February 18th A. E. Buck had a conversation with said Miller & Coleman, by telephone, and informed them that the said bill of sale from Kendall to H. H. Buck was intended as security only, and requested them to procure the company's assent thereto. Miller & Coleman, in such conversation over the telephone, verbally consented to the incumbrance; but thereafter, under the heading "Consent by Company to Assignment of Interest," they indorsed upon the policy the following:

"The Royal Insurance Company hereby consents that the interest of O. O. Kendall, as owner of the property covered by this policy, be assigned to H. H. Buck.                       Miller & Coleman, Agent.

"Dated George, Ia., 2-21-07."

On February 27th the property was totally destroyed by fire, and proofs of loss were afterward properly made.

That a mortgage of personal property increases the insurance hazzard is not disputed. Provisions in insurance policies that a mortgage placed upon the property insured shall render the policy void, unless consent of the company thereto shall be indorsed in writing upon the policy, are valid provisions. Atlas Reduction Co. v. New Zealand Ins. Co., 138 Fed. 497, 71 C. C. A. 21, 9 L. R. A. (N. S.) 433; Connecticut Fire Ins. Co. v. Buchanan, 141 Fed. 877, 73 C. C. A. 111, 4 L. R. A. (N. S.) 758; Assurance Co. v. Bldg. Association, 183 U. S. 308, 22 Sup. Ct. 133, 46 L. Ed. 213, and cases therein cited. Provisions in policies of insurance that none of its terms shall be modified or waived by an agent, except in writing indorsed upon the policy, are valid provisions. Cases cited, supra. The law as thus announced was so fully and accurately stated by the trial judge that we need not here do more than refer to his opinion.

It is, however, urged that the following provision of section 1750 of the Iowa Code, to wit:

"Any officer, agent or representative of an insurance company doing business in this state, who may solicit insurance, procure applications, issue policies, adjust losses, or transact the business generally of such companies, shall be held to be the agent of such insurance company, with authority to transact all business within the scope of his employment, anything in the application, policy, contract, by-laws, or articles of incorporation of such company to the contrary notwithstanding,"

—modifies in these respects the general rules with reference to policies issued in that state, and that as A. E. Buck, the local agent of defendant, had knowledge that the bill of sale of the property was a mortgage only, and agreed to obtain the assent of the defendant thereto, the defendant is estopped by Buck's action. The findings of the trial judge show that the Harris Savings Bank was a beneficiary of said mortgage in the sum of $2,500, and that said A. E. Buck was its cashier and owned one-fourth of its stock. A. E. Buck, then, was personally interested in the property insured, and could not, without the assent of defendant, act both for himself and as agent of defendant. He could not bind or estop defendant relative to a matter in which he was personally interested. Arispe Mercantile Co. v. Capitol Ins. Co., 133 Iowa, 272, 110 N. W. 593, 9 L. R. A. (N. S.) 1084. See, also, Pine Mountain Coal Co. v. Bailey, 94 Fed. 258, 36 C. C. A. 229;

Bank of Overton v. Thompson, 118 Fed. 798, 56 C. C. A. 554; American Surety Co. v. Pauly, 170 U. S. 133, 18 Sup. Ct. 552, 42 L. Ed. 977.

It is also said that Miller & Coleman, agents of defendant, were informed that the transfer was a mortgage only and did verbally consent thereto, and thus that the case is within the statute. In support of this we are referred to the case of Acid Mfg. Co. v. Insurance Co., 126 Iowa, 225, 101 N. W. 749. We do not think that case is controlling here. There it was sought by the terms of the policy to deprive the local agent of all authority to change or waive any provision therein. But it was held that such a provision was in contravention of the statute, and that the consent given, being otherwise within the apparent scope of the agent's authority, was valid. There was, however, no attempt in that policy to merely regulate the manner in which the agent's authority should be exercised. The policy before us does not deny to the local agents any authority contemplated by the statute, but merely prescribes that the exercise of their authority, to be effective, must be shown by a written indorsement upon the policy or by a writing attached to it, a provision which is manifestly to the advantage of both the insured and the insurer. Assurance Co. v. Building Association, 183 U. S. 308, 364, 22 Sup. Ct. 133, 46 L. Ed. 213. In other words, this policy recognizes that the local agents possess all the powers contemplated by the statute, and then, consistently with general rules of law and in the interest of both parties, prescribes that their powers can only be exercised in a manner which will place the evidence thereof on as high a plane as the policy itself. This the statute in no way prohibits. The parties, then, having agreed by their contract that no waiver of any provision or condition thereof by an agent shall be valid, unless the same shall be in writing indorsed upon or attached to the policy, and such a stipulation being a commendable one and in no wise violative of the statute, the oral consent must necessarily fail. Miller & Coleman, the agents, did in a writing indorsed upon the policy state the nature and extent of the consent intended to be given by them in the exercise of their undoubted authority. This indorsement is clear and unambiguous, and plainly has reference to a transfer of the entire ownership, and not to an incumbering of the property by a mortgage.

The judgment is affirmed.