McKERNAN et al. v. NORTH RIVER INS. CO.

(District Court, E. D. Washington, N. D.   October 29, 1912.)

No. 1,578.

1. COURTS (§ 328*)—UNITED STATES COURTS—JURISDICTION—STATUTORY PROVISIONS.

An action involving $2,500, exclusive of interest and costs, which was pending in the District Court on January 1, 1912, when Act March 3, 1911, c. 231, 36 Stat. 1169 (U. S. Comp. St. Supp. 1911, p. 246), codifying, revising, and amending the laws relating to the judiciary, took effect, is within the jurisdiction of the court under section 299 of that act, providing that the repeal of existing laws, or the amendments thereof, embraced in that act, shall not affect any suit or proceeding pending at the time of the taking effect of that act, but that all such suits and proceed-

ings may be prosecuted within the same time and with the same effect as if such repeal or amendments had not been made.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 890–896; Dec. Dig. § 328.*]

**2. COURTS (§ 256*)—UNITED STATES COURTS—JURISDICTION—STATUTORY PROVISIONS.**

Act March 3, 1911, c. 231, § 299, 36 Stat. 1169 (U. S. Comp. St. Supp. 1911, p. 246), providing that the repeal of existing laws or the amendments thereof embraced in that act shall not affect any right accruing or accrued, or any suit or proceeding pending at the time of the taking effect of that act, but that all such suits and proceedings, and suits and proceedings for causes arising or acts done prior to such date, may be commenced or prosecuted within the same time and with the same effect as if such repeal or amendments had not been made, saves to the federal courts jurisdiction, not only of pending actions, but of causes of action which accrued prior to January 1, 1912.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 792; Dec. Dig. § 256.*]

**3. INSURANCE (§ 330*)—AVOIDANCE OF POLICY—TITLE OR INTEREST OF INSURED—ENTIRE OR SEVERABLE CONTRACTS.**

Where a policy for $2,500, $1,000 of which was on a dwelling house and $1,500 on the household furniture therein contained, provided that the entire policy should be void if the hazard was increased by any means within the control or knowledge of the insured, or if the subject of insurance was personal property and should be or become encumbered by a chattel mortgage, the execution and delivery of a chattel mortgage on the household furniture avoided the policy, not only as to the furniture, but also as to the dwelling house, since by lessening the interest of the insured in the property it increased the hazard as to the dwelling house, as the destruction of a part of the property would almost inevitably result in the destruction of the whole.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 829–839; Dec. Dig. § 330.*]

**4. INSURANCE (§ 330*)—AVOIDANCE OF POLICY—EFFECT.**

Where a policy of insurance provided that it should be void if the property should be or become incumbered by a chattel mortgage, the giving of a chattel mortgage avoided the policy absolutely for all purposes and for all time, and the payment of the debt secured by the mortgage before a fire did not reinstate the policy.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 829–839; Dec. Dig. § 330.*]

At Law. Action by Ida McKernan and others against the North River Insurance Company. Judgment of dismissal.

W. C. Donovan, of Spokane, Wash., for plaintiffs.

Happy, Cullen, Lee & Hindman, of Spokane, Wash., for defendant.

RUDKIN, District Judge. This is an action on a fire insurance policy. On the 26th day of March, 1910, the defendant company insured the plaintiff McKernan for the term of three years from noon of that day in an amount not exceeding the sum of $2,500 against all loss or damage by fire on the following described property while located and contained as described in the policy: One thousand dollars on a one and one-half story frame building, its additions, etc., while occupied only as a dwelling house, situate at Lacy street, between Thirtieth and Thirty-First avenues, in the city of Spokane;

fifteen hundred dollars on household, kitchen furniture, etc., while contained in the above dwelling house and its additions. The following stipulation or condition, among others, was printed on the back of the policy and made a part of the contract of insurance:

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void, * * * if the hazard be increased by any means within the control or knowledge of the insured; * * * or if the subject of insurance be personal property and be or become incumbered by a chattel mortgage."

On the 4th day of February, 1911, the plaintiff McKernan executed and delivered a chattel mortgage on all the personal property described in the policy to the plaintiff Michael Bohan, to secure an indebtedness of $140 evidenced by a promissory note in that amount. On the 6th day of March, 1911, the dwelling house and the personal property therein contained was totally destroyed by fire. The chattel mortgage above mentioned was not satisfied or released of record until after the destruction of the mortgaged property, but the proof shows that the mortgage debt was in fact paid within a few days after the execution of the mortgage and before the fire. The present action was commenced in the state court to recover the full amount of the insurance some time during the year 1911, the exact date not appearing of record, as the original summons and complaint were never filed in the state court, but in any event it was prior to the 8th day of September, for on the latter date the cause was removed into this court, or rather into the old Circuit Court, on the petition of the defendant. Other matters were interposed in defense, but the foregoing statement is sufficient for the presentation of such questions as I deem decisive of the case.

Under the foregoing facts the plaintiffs contend, first, that this court is without jurisdiction, because the matter in controversy, exclusive of interest and costs, does not exceed the sum or value of $3,000; second, that the policy was not avoided by the execution of the chattel mortgage, because only a part of the insured property was incumbered or mortgaged; and, third, that the insurance was only suspended while the incumbrance existed, and was immediately reinstated as soon as the indebtedness secured by the mortgage was paid. The defendant, on the other hand, contends that the court has jurisdiction, that the incumbrance of the personalty by chattel mortgage absolutely avoided the contract of insurance, and that the contract remained null and void, notwithstanding the payment of the mortgage debt before the destruction or loss of the insured property by fire.

[1, 2] 1. The case presented is clearly within the jurisdiction of this court. The amount in controversy is $2,500, exclusive of interest and costs, and the action was pending here when the act of March 3, 1911, codifying, revising, and amending the laws relating to the judiciary, took effect on January 1st of this year. Section 299 of that act contains the following saving clause:

"The repeal of existing laws, or the amendments thereof, embraced in this act, shall not affect any act done, or any right accruing or accrued, or any suit or proceeding, including those pending on writ of error, appeal, certificate, or writ of certiorari, in any appellate court referred to or included

within the provisions of this act, pending at the time of the taking effect of this act, but all such suits and proceedings, and suits and proceedings for causes arising or acts done prior to such date, may be commenced or prosecuted within the same time, and with the same effect, as if such repeal or amendments had not been made."

This section saves to the federal courts jurisdiction, not only of pending actions, but of causes of action which accrued prior to January 1, 1912. Lincoln v. Robinson (D. C.) 194 Fed. 571; Taylor v. Midland Valley R. Co. (D. C.) 197 Fed. 323; Dallyn v. Brady (D. C.) 197 Fed. 494.

[3] 2. There is at least apparent conflict of authority as to the rules by which we determine whether a contract of insurance which insures several items of property is entire or divisible. In McGowan v. People's M. F. Ins. Co., 54 Vt. 211, 41 Am. Rep. 843, the court said:

"This is a question of great practical importance, as a large proportion of insurance contracts embrace more than one item of property insured. The decisions are apparently conflicting, but, we think, are easily reconciled by referring to the plain principles which should govern them. The general rule, 'void in part, void in toto,' should apply to all cases where the contract is affected by some all-pervading vice, such as fraud, or some unlawful act, condemned by public policy or the common law, cases where the contract is entire, and not divisible, and all those cases where the matter that renders the policy void in part, and the result of its being so rendered void, affects the risk of the insurer upon the other items in the contract. Keeping these rules in mind, the leading cases upon this subject can all be reconciled."

In Loomis v. Rockford Insurance Co., 77 Wis. 87, 45 N. W. 813, 8 L. R. A. 834, 20 Am. St. Rep. 96, the court said:

"There is some apparent conflict of authority as to the rules by which it is to be determined whether the contract in a given case, which insures several items of property, is an entire contract, or whether it is divisible. An examination of the cases will show, we think, that as to a large majority of them, the conflict is apparent rather than real. All the cases seem to agree that, although the insurance is distributed to the different items of insured property, the contract is indivisible if the breach of the contract as to an item of property affects, or may reasonably be supposed to affect, the other items, by increasing the risk thereof."

The cases above cited contain a full review of the authorities bearing upon this question, and the rule announced is amply supported by both reason and authority. There is but little difficulty in applying these general rules to the facts of the present case. Incumbrance of insured property increases the hazard to the insurer, because it lessens the interest of the insured in the property to the amount of the incumbrance, and to that extent at least lessens his interest in protecting the property from loss or destruction. And if the hazard was increased as to the household furniture, it was of necessity increased as to the dwelling house which contained it, for the entire property was insured as one risk, and was so closely connected and associated together that the destruction of a part by fire would almost inevitably result in the destruction of the whole.

[4] 3. The proposition that a contract of insurance is only suspended by a breach of warranty, such as a failure to occupy the insured premises, the making of repairs, or by incumbering the prop-

erty, and becomes reinstated if the property is occupied, the repairs completed, or the incumbrance removed before the destruction of the insured property by fire, finds some support in the decided cases; but the great weight of authority is to the contrary, and this is especially true of the decisions in the federal courts. Imperial Fire Ins. Co. v. Coos County, 151 U. S. 452, 14 Sup. Ct. 379, 38 L. Ed. 231; Assurance Co. v. Grand View Bldg. Ass'n, 183 U. S. 308, 22 Sup. Ct. 133, 46 L. Ed. 213; Atlas Reduction Co. v. New Zealand Ins. Co., 138 Fed. 497, 71 C. C. A. 21, 9 L. R. A. (N. S.) 433; Mulrooney v. Royal Ins. Co., 163 Fed. 833, 90 C. C. A. 317; Gilchrist Transp. Co. v. Phœnix Ins Co., 170 Fed. 279, 95 C. C. A. 475.

Thus, in Moore v. Phœnix Ins. Co., 62 N. H. 240, 13 Am. St. Rep. 556, the policy contained the usual provision that it should become null and void if the insured premises became vacant and unoccupied for more than ten days without the consent of the insurance company indorsed thereon, and it was held that a vacancy of three months avoided the policy, even though the premises were occupied at the time of their destruction, and that the contract, being once terminated, could not be revived without the consent of both the contracting parties; and this case was cited with approval by the Supreme Court of the United States in Imperial Fire Ins. Co. v. Coos County, supra.

For the foregoing reasons, I am of opinion that the incumbrance of the personal property absolutely avoided the policy for all purposes and for all time, and a judgment of dismissal will be entered accordingly.