## CONNER et al. v. CONNECTICUT FIRE INS. CO.

(District Court, S. D. Florida. June 25, 1923.)

No. 1628.

Insurance ⬅376(1)—Replications held not to show waiver or estoppel, precluding defense of forfeiture by foreclosure.

Where the defense to an action on an insurance policy was based on a clause forfeiting the policy if foreclosure proceedings were commenced, unless otherwise provided by agreement indorsed thereon, and the policy contained a provision against waiver of its conditions by agents, replications alleging as waiver or estoppel indorsement on the policy making the loss payable to a designated individual as his interest might appear, and a declaration by the agent that no other indorsement was necessary to keep the policy alive, were insufficient.

At Law. Action by Rubie C. Conner and her husband against the Connecticut Fire Insurance Company. On demurrer to replications. Demurrer sustained.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Geo. W. Scofield, of Inverness, Fla., and Fleming, Hamilton, Diver & Fleming, of Jacksonville, Fla., for plaintiffs.

Axtell & Rinehart, of Jacksonville, Fla., for defendant.

CALL, District Judge. This is a suit upon an insurance company, insuring the plaintiff against loss by fire, in which the defendant pleaded that by one of the provisions of the policy it became void on the happening of an event, and that event had happened. The plea alleges that the policy contained this clause, "that the entire policy, unless otherwise provided by agreement indorsed thereon, or added thereto, should be void, if with the knowledge of the insured foreclosure proceedings were commenced," and that on the 25th day of May, 1921, a foreclosure suit was commenced and was pending at the date of the occurrence of the fire, of which suit insured had notice.

To this plea four replications were filed. In the first two it is set up that this indorsement was made upon the policy:

"The mortgage interest of T. S. Kyle and J. D. Young having this day been paid and satisfied, loss now, if any, payable to E. H. Martin as his interest may appear."

The first plea sets this up as an estoppel. The second plea sets it up as a waiver of the stipulation pleaded. The third replication sets up notice to the agent of the institution of the foreclosure suit, and asked for an indorsement to keep said policy alive, and was informed that no other indorsement was necessary for that purpose, except the one made making the loss payable to Martin, and therefore the defendant was estopped from setting up the matter as a defense. In the fourth replication it sets up the above facts set forth in the third replication as a waiver of the provisions of the policy.

A demurrer was interposed to the four replications by the defendant. The policy of insurance in suit contains this provision:

"This policy is made and accepted subject to the foregoing stipulations and conditions, and to the following stipulations and conditions printed on the back hereof, * * * together with such other provisions, agreements, or conditions as may be indorsed hereon, or added thereto; and no officer, agent, or other representative of this company shall have power to waive any provision or condition of this policy, except such as by the terms of this policy may be the subject of agreement indorsed hereon or added thereto; and as to such provisions and conditions no officer, agent, or representative shall have such power or be deemed or held to have waived such provisions and/or conditions, unless such waiver, if any, shall be written upon or attached hereto; nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached."

The first and third plea set up the facts pleaded as an estoppel and the second and fourth as a waiver. Under the decisions of the Supreme Court, in Northern Assurance Co. v. Grand View Building Association, 183 U. S. 308, 22 Sup. Ct. 133, 46 L. Ed. 213, and Penman v. St. Paul Fire & Marine Ins. Co., 216 U. S. 311, 30 Sup. Ct. 312, 54 L. Ed. 493; I do not think the replications show either a waiver or an estoppel upon the defendant to insist upon the defense pleaded in this case.

I know that there are many cases in the different state Supreme Courts holding contrary to my ruling in this case, but decisions of the United States Supreme Court must be my guide.

The demurrer to the replications will be sustained.