## LAWSON v. TWIN CITY FIRE INS. CO.
### No. 1261.

District Court, E. D. Kentucky, London.
Nov. 22, 1932.

172

Charles E. Herd, of Middlesboro, Ky., and James H. Jeffries, of Pineville, Ky., for plaintiff.

Gordon, Laurent & Ogden and T. M. Galphin, Jr., all of Louisville, Ky., and N. R. Patterson, of Pineville, Ky., for defendant.

ANDREW M. J. COCHRAN, District Judge.

This action is before me for trial and judgment. It is brought upon a three-year fire insurance policy for $6,400, issued by the defendant to the plaintiff, April 5, 1930. The insurance was distributed as follows, to wit: $5,000 on dwelling house on lot 26, block A, in Middlesboro, Bell county, Ky.; $1,000 on household goods and other articles contained in the house; and $400 on garage. It contained a provision in these words: "This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void * * * if the interest of the insured shall be other than unconditional and sole ownership." And another in these words: "This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto shall be void * * * if with the knowledge of the insured, foreclosure proceedings be commenced or notice of sale of any property covered by this policy by virtue of any mortgage or trust deed."

It was issued to the plaintiff and there was added thereto at the time of its issuance a loss payable provision in favor of the People's Building & Loan Association, as its interest might appear. The defendant issued the policy through its agent at Middlesboro, J. L. Manring & Co., acting by its vice president, John L. Chesney. The plaintiff was not the sole owner of the house and lot on which it stood. It was owned jointly by him and his wife, Mossie Lawson, one-half each. February 12, 1930, the plaintiff and his wife executed a mortgage on the real estate to the People's Building & Loan Association, payee in the loss payable provision for the sum of $1,000. John L. Chesney was the secretary and treasurer of that association and attended on its behalf to making the loan. In so doing he acquired knowledge of the true ownership of the property. On August 17, 1931, that association brought suit to enforce its mortgage in the Bell circuit court. September 14, 1931, the dwelling house and its contents were totally destroyed by fire. This action was then brought to recover the sum of $6,000, the total insurance on the house and contents. Thereafter an amended petition was filed by plaintiff and his wife, Mossie Lawson, seeking a reformation of the policy so as to make it payable to them both. Thereupon the action was transferred to the equity docket. The defendant by its answer denied the allegations of this pleading.

■ 1. Are the plaintiffs in the amended petition, James Lawson and Mossie Lawson, his wife, entitled to a reformation of the policy so as to make it a contract with both instead of with James Lawson alone? If the agreement was that both were to be insured and by their mutual mistake the policy did not so provide, there can be no question but that they are entitled to such reformation. Firemen's Insurance Co. v. Brooks (C. C. A.) 19 F.(2d) 277, 278.

■ The difficulty in the way of such plaintiffs being entitled thereto is that they have not established that there was an agreement that both were to be insured and that it was by the mutual mistake of themselves and defendant that they were not. Indeed, it may be said that their pleading comes short of making a case for reformation. The sole allegation is that "he (i. e. James Lawson) did not make any false statements or misrepresent any facts, as to the ownership of the property insured and the error in the issual of the policy was made by the agent of the defendant or by mutual mistake." There is no square allegation that there was an agreement between the Lawsons on the one side and the defendant on the other that both were to be insured and that it was by their mutual mistake that the policy did not so provide, but provided only that James Lawson should be insured. However, passing this by, there is an entire absence of any evidence of

such agreement and of such mistake. The burden was on plaintiffs to establish both these facts by "clear and convincing evidence," as said in the Brooks Case. There the case for reformation was thus established and it was granted. The plaintiffs not having introduced any evidence to this end must fail. Durham v. Fire & Marine Ins. Co. (C. C.) 22 F. 468; Harrison v. Hartford Fire Ins. Co. (C. C.) 30 F. 862; Ætna Insurance Co. v. Steele, 222 Ky. 57, 299 S. W. 1091; Lee v. Hartford Fire Insurance Company, 223 Ky. 533, 4 S.W.(2d) 372. The fact that James Lawson made a mistake in not applying for a policy insuring both does not make a case for reformation. The facts of this case do not come within the facts of the case of Westchester Fire Ins. Co. v. Wilson, 220 Ky. 142, 294 S. W. 1059, relied on by plaintiffs.

The amended petition, therefore, will have to be dismissed. This leaves for consideration the original petition.

■■■ 2. The provision of the policy that it was void if the insured was not then the sole owner of the property insured was valid. Rochester German Ins. Co. v. Schmidt (C. C. A.) 162 F. 447; Boston Insurance Co. v. Hudson (C. C. A.) 11 F.(2d) 961; Hartford Fire Ins. Co. v. Nance (C. C. A.) 12 F. (2d) 575. That the defendant, through its agent, J. L. Manring & Co., acting by Chesney, knew, at the time the policy was issued, that the plaintiff was not the sole owner, but that the property was owned by him and his wife, Mossie, one-half each, cannot be availed of by plaintiff to do away with such provision, either on the idea of waiver or estoppel. For such knowledge to have such effect would be to vary the terms of the policy by parol evidence. The policy expressly provides that the provision as to sole ownership should invalidate the policy unless it was "otherwise provided by agreement endorsed" thereon. But the absence of such provision would have made no difference. Still the rule against parol evidence being allowed to vary a written contract would prevent such knowledge having such effect. Carpenter v. Providence Washington Ins. Co., 16 Pet. 495, 10 L. Ed. 1044; Lumber Underwriters v. Rife, 237 U. S. 605, 35 S. Ct. 717, 59 L. Ed. 1140; Hartford Fire Ins. Co. v. Nance, supra. In the case of American Fire Ins. Co. v. King Lumber & Mfg. Co., 250 U. S. 2, 39 S. Ct. 431, 434, 63 L. Ed. 810, the court had this to say as to its decision in the Rife Case: "There was an attempt, in that case, to vary the written words of a contract by concurrent

parol agreement; in other words, and to quote those of the case, to establish 'by parol proof that at the very moment the policy was delivered' one of its provisions was waived." It was this that was held in that case could not be done.

■■ But it cannot be said that the defendant had knowledge as to the true ownership of the property at the time it issued the policy. The claim that it then had such knowledge is based on the fact that Chesney, vice president of J. L. Manring & Co., defendant's agent, in the issuing of the policy, acquired such knowledge, when acting as an official of the People's Building & Loan Association, on making the loan and obtaining the mortgage to secure it on February 12, 1930, nearly two months previous. Defendant is not chargeable with such knowledge. It was not acquired in acting for the defendant but in acting for such association. Union National Bank v. German Ins. Co. (C. C. A.) 71 F. 473. At least, it was not so chargeable unless it was established that Chesney, when the policy was issued, had the knowledge so acquired then in mind. Foreman v. German Alliance Ins. Ass'n, 104 Va. 694, 52 S. E. 337, 3 L. R. A. (N. S.) 444, 113 Am. St. Rep. 1071. It was not shown that such was the case. For aught that appears it may be that Chesney thought, from plaintiff applying for the policy in his name, that he had acquired his wife's interest after February 12, 1930. In Westchester Fire Ins. Co. v. Wilson, supra, knowledge upon the part of the agent, who issued the policy, was acquired eleven days before its issuance and the circumstances were such that it was not reasonable to suppose that there had been any change in the meantime in the title. Besides, at the time the policy was issued language was used that must have conveyed to the agent the idea that there had been no change. In so far as this case held that a provision in a policy may be rendered ineffective on the ground of either waiver or estoppel by parol evidence it is not binding here. This court is governed by the federal rule on the subject. It must be held, therefore, that the policy was void because the plaintiff was not at the time of its issuance the sole owner of the property insured.

■■ 3. The provision of the policy as to the institution of foreclosure proceedings invalidating the policy was valid. Delaware Ins. Co. v. Greer (C. C. A.) 120 F. 916, 61 L. R. A. 137; Conner v. Connecticut Fire Ins. Co. (D. C.) 291 F. 105; Neil Bros. Grain Co. v. Hartford Fire Ins. Co. (C. C. A.) 1 F.

(2d) 904. The plaintiff claims that this provision was waived because defendant through its agent, J. L. Manring & Co., by Chesney, its vice president, had knowledge of the institution of the foreclosure proceedings before the fire and took no steps to cancel the policy and retained the premium. It is questioned whether Chesney had such knowledge. I will dispose of the matter in hand on the basis that he did. If he had such knowledge, he acquired it when acting on behalf of the People's Building & Loan Association and not when acting on behalf of defendant. Possibly such knowledge so acquired was not chargeable to defendant at all or not unless when Chesney acquired it he had in mind the effect of such proceedings on the validity of the policy. But in view of the fact that the interests of the association and defendant were antagonistic, defendant was not chargeable with such knowledge. Union Nat. Bank v. German Ins. Co., supra; Mulrooney v. Royal Ins. Co. (C. C. A.) 163 F. 833, 834; Woodlawn Farm Co. v. Farmers' & Breeders' L. Ins. Co., 227 Ill. App. 577; Dull v. Royal Insurance Co., 159 Mich. 671, 124 N. W. 533.

Then assuming that defendant is chargeable with such knowledge, silence and inaction on defendant's part after receiving it does not of itself amount to waiver. Neil Bros. Grain Co. v. Hartford Fire Ins. Co., supra; Boston Ins. Co. v. Hudson, supra; Foreman v. German Alliance Ins. Co., supra. Nor did the failure to return the premium constitute a waiver or estoppel. Kentucky Vermillion Mining & Concentrating Co. v. Norwich Union F. Ins. Soc. (C. C. A.) 146 F. 695; Home Ins. Co. v. Scott (C. C. A.) 46 F.(2d) 10. But, in any event, the provision of the policy that the institution of foreclosure proceedings would not avoid the policy unless the consent of the defendant thereto was indorsed on or attached to the policy is against knowledge by defendant of such institution rendering the provision in regard thereto ineffective. Carpenter v. Providence Washington Ins. Co., supra; Hartford Fire Ins. Co. v. Nance, supra. In so far as the decision of the Kentucky Court of Appeals in the case of Hartford Fire Ins. Co. v. Bryan, 244 Ky. 61, 50 S.W.(2d) 74, is in conflict with any of the positions above taken, it is not controlling on this court. It follows that it must be held that the policy was rendered void by the institution of the foreclosure proceedings.

4. The policy is void not only as to the dwelling house but as to its contents. Fries-Breslin Co. v. Star Fire Ins. Co. (C. C.) 150 F. 611; Fries-Breslin Co. v. Star Fire Ins. Co. (C. C. A.) 154 F. 35; McKernan v. North River Ins. Co. (D. C.) 206 F. 984; Downey v. German Alliance Ins. Co. (C. C. A.) 252 F. 701; Northern Assur. Co., Ltd., v. Case (C. C. A.) 12 F.(2d) 551; Hartford Fire Ins. Co. v. Jones (C. C. A.) 15 F.(2d) 1; Bennett v. Cosmopolitan Fire Ins. Co. (C. C. A.) 50 F.(2d) 1017; Ohio Valley Fire & Marine Ins. Co. v. Skaggs, 216 Ky. 535, 287 S. W. 969.

I am constrained to hold that the plaintiff's petition must be dismissed.