E. EBERSTADT ET AL. v. THE STATE OF TEXAS EX REL.

Delivered December 20, 1898.

**1. Appeal—Removal of County Officers.**

An appeal will lie from a judgment removing county commissioners from office, although their terms have expired, in a case where a bond has been given to them upon their temporary suspension by the court, as required by article 3550 of the Revised Statutes, from the persons appointed to discharge the duties of the office, conditioned for the repayment to the persons suspended of all damages and costs sustained, if the cause of removal is insufficient, since the judgment of removal could be pleaded in bar to an action upon such bond.

**2. Pleading—Conspiracy.**

A petition charging county commissioners and the county treasurer with un-

lawfully and corruptly conspiring together to pervert the course of justice, with the fraudulent intent to misapply, embezzle, and appropriate to their own use the funds of the county, sufficiently charges the conspiracy as against a general demurrer, where it proceeds further to set out the specific acts committed by defendants in furtherance of such conspiracy.

**3. Removal of County Officers—Conspiracy.**

One of several county commissioners charged in a petition instituted for their removal with entering into a conspiracy with the county treasurer, not a party to the proceeding, may be convicted without a conviction of all.

APPEAL from Marion. Tried below before Hon. J. M. TALBOT.

*Armistead & Prendergast* and *Sheppard & Jones,* for appellee.

*L. S. Schluter, Geo. T. Todd,* and *J. H. Culberson,* for appellants.

BOOKHOUT, ASSOCIATE JUSTICE.—On May 1, 1897, J. A. Armistead, county judge of Marion County, Texas, instituted this proceeding in the District Court of that County to remove from their respective offices, as county commissioners, E. Eberstadt, J. R. Hedges, and J. D. Little. The election and qualification of each of the defendants were properly averred and proven. It was alleged that at the same election John M. Harper was elected to the office of county treasurer of Marion County. The petition charged that the defendants, in their official capacity, in the month of December, 1896, after their election, conspired together, and with said Harper, to convert to the use and benefit of said Harper all the money which was then in the hands, and all that might thereafter come into his hands as county treasurer of said county, by means of certain official acts to be done and performed by said commissioners. The petition set out the different things which it was charged the defendants had agreed with the said Harper to do officially, and which they had done in order to enable him to convert the said funds to his own use. The defendants answered by general demurrer and general denial.

The cause was tried on July 1, 1898, before a jury, which resulted in a verdict finding all the grounds set forth in the petition to be true against E. Eberstadt and J. R. Hedges, and not sustained as to J. D. Little. From this judgment the defendants, E. Eberstadt and J. R. Hedges, have duly prosecuted an appeal to this court.

We are confronted at the threshold of this case with this question, Should this court pass upon this appeal?

The suit is to remove officers elected to the office of county commissioner at the general election held in November, 1896. We take judicial notice of the fact that there was a general election held for said office in November, 1898, and that the terms of the officers elected to that office in November, 1896, have expired. It has been held that where the term of office has expired from which an officer is sought to be removed, the decision of the court upon appeal would be useless and inoperative. Gordon v. State, 47 Texas, 208; LaCoste v. Duffy, 49 Texas,

767; State v. Loomis, 29 S. W. Rep., 415; Robinson v. State, 29 S. W. Rep., 449.

In the case last cited, upon motion for rehearing, the contention was made that the judgment of the trial court, if permitted to stand, would be a bar to a suit for the recovery of the fees of the office upon the bond of the person appointed to discharge the duties of the office during the temporary suspension of the officer sought to be removed. Our Supreme Court states that there is force in this contention. The question is left open, but the court strongly intimates that if the judgment of the trial court could be pleaded in bar to a suit for the fees, then the appeal should be entertained. 29 S. W. Rep., supra.

The condition of the bond is such that we think it clearly appears that the judgment upon the petition for removal could be pleaded in bar to a suit by either of the appellants upon the bond. The causes and manner of removal are set forth in articles 3544, 3545 of the Revised Statutes. Article 3550 provides that the district judge may, if he sees fit, suspend temporarily from office the officer against whom the petition is filed, and appoint for the time being some other person to discharge the duties of the office. It provides that such person shall execute a bond conditioned "to pay the person so suspended all damages and costs he may sustain * * * in case it should appear that the cause or causes of removal are insufficient or untrue." This chapter seems to have provided a system of procedure for the removal from office of persons guilty of official misconduct in office. The giving of the bond and the authorizing of the suit thereon is a part of such system. If in the proceedings for removal the causes for removal are found insufficient or untrue, the recovery can be had upon the bond. If true, no recovery can be had. Rev. Stats., art. 3550; State v. Robinson, 29 S. W. Rep., 1063; McMullin v. Ellis, 1 Jour. of Apps., 394.

Such being our opinion of the effect of the judgment of the trial court, we will proceed to consider this appeal.

The first contention of appellant is, that in this character of case the unlawful conspiracy must be charged in the petition or the petition will be subject to a general demurrer. Upon an examination of the petition we find that it is charged that the three defendants and the county treasurer of Marion County did unlawfully conspire together, and did agree together unlawfully and corruptly, for the purpose of perverting the course of justice, with the fraudulent intent to misapply, embezzle, and appropriate to their own use the funds of said county, etc. It proceeds further to set out the specific acts committed by the defendants in furtherance of, and in carrying out such conspiracy. The petition sufficiently charges the conspiracy, and is not subject to a general demurrer.

Appellant's next contention is that there is error in the charge of the court and in the verdict of the jury, in that the court charged the jury as follows: "If you find from the evidence that only one or more of the causes of removal set forth in relator's petition is or are true, and is

or are only true as to one or more of the defendants, then the form of your verdict will be, 'We the jury find that the following cause............is true, and is sustained by the evidence, and is true as to the defendants............,' filling in the blanks with the cause or causes which you find from the evidence, if either is true in point of fact, and the name of either of the defendants as to whom you find, if you do so find, such cause or causes have been sustained by the evidence before you."

The objection to this charge and of the verdict under it is, that there could not be a legal conviction of any one of the defendants without a conviction as to all. The petition charged three defendants with official misconduct and sought to have all three removed.

The jury found all the causes of removal set forth in the petition were true and sustained by the evidence as to two of the defendants. They further found that none of the causes set forth in the petition for removal were sustained by the evidence as to one of the defendants. The petition charged the conspiracy to have been entered into between the three defendants and the county treasurer of Marion County. The county treasurer was not a party to this suit.

If one or more of the county commissioners and the county treasurer entered into a conspiracy to embezzle and misapply the funds of the county, then a suit could be maintained for the removal of any one or more of such commissioners. In this case the verdict finds the facts to be true as to two of the commissioners, but that they are not true as to the third one. We think the court did not err in charging the jury as above set forth, and that the verdict of the jury is not subject to the criticism made.

Under appellant's fourth, fifth, and sixth assignments of error it is contended that the conspiracy as charged in the petition must be shown as the foundation of all the other acts charged therein, which are not of themselves per se illegal. The court in its general charge stated the issues involved in the suit, in which the issue of conspiracy is made the prominent issue in the case, and then stated the acts alleged to have been committed in pursuance of and in carrying out of such conspiracy. We think the charge made the issue of conspiracy the controlling issue in the case, and that the court did not err in refusing the special charges requested, and we therefore overrule appellant's fourth, fifth, and sixth assignments of error.

The charge specifically defined the meaning of official misconduct with reference to county officers, as defined by article 3534 of the Revised Statutes, and fully and fairly presented the law of the case. The special charges requested by the defendant and complained of in said assignments were fairly embraced in the court's general charge, and there was no error in refusing the same.

Appellant's seventh and eighth assignments of error complain of the action of the court in refusing to enter a judgment upon the verdict in favor of all three defendants and in overruling defendants' motion for a

new trial. As before stated, the verdict of the jury was in due form, and the court did not err in entering judgment thereon, removing two commissioners against whom the jury found the charges set forth in the petition were true, and in· favor of the commissioner as to whom the charges set out in the petition were found by the jury to· be untrue.

Every issue in this case seems to have been sharply contested in the court below. The law of the case was fairly presented by the trial judge to the jury, and there is evidence fairly tending to support their verdict.

Finding no error in the record, the judgment of the court below is affirmed.

*Affirmed.*

Writ of error refused.