STATE v. MORGAN, COUNTY COM'R.*

(No. 1358; June 22, 1926; 247 Pac. 721.)

APPEAL AND ERROR—PLEADING—DEFECTS IN MUST BE URGED AT TRIAL—COUNTIES—REMOVAL OF OFFICERS—COUNTY COMMISSIONERS.

1. Paragraphs of motion for new trial, denial of which was assigned as error, will not be considered where they were not specifically discussed in brief.

2. Insufficiency of pleading, urged as ground for exclusion of evidence, but not relied on by court in excluding it, in action to remove county commissioner, will not be considered on appeal, since Comp. St. 1920, §§ 1398-1407 provides that such question be considered at trial.

3. Misconduct or malfeasance of county commissioner in making unauthorized payment to himself or other commissioners or consenting to such payments to other officials *held* ground for removal under Comp. St. 1920, §§ 1398-1407, notwithstanding expiration of term of associate commissioners before action was brought.

4. Action to remove member of board of county commissioners need not be prosecuted against majority of board at same time, but can be brought against one commissioner alone.

*See Headnotes: (1) 4 C J p. 1068 n. 22. (2) 15 C J p. 453 n. 1. (3) 15 C J p. 453 n. 93. (4) C J p. 453 n. 3.

ERROR to District Court, Natrona County; HARRY P. ILSLEY, Judge.

Action by the State for the removal of G. T. Morgan from the office of County Commissioner. Judgment on directed verdict for defendant, and plaintiff brings error. See also 34 Wyo. 153; 242 Pac. 326.

*E. Paul Bacheller, R. R. Rose,* and *George A. Weedell,* for plaintiff in error.

The court erred in striking from the petition all allegations of misconduct and malfeasance, and in directing a verdict for defendant; the constitution and laws of the State require claims against counties to be itemized and verified; 1416 C. S.; Article XVI, Section 7, Const; violation of these requirements by County Commissioners creates a liability on their official bonds. Neglect or refusal to perform duties required by law, is ground for removal; 1422 C. S.; bridge construction must be done under contract after advertising for bids; 3064 C. S. Misconduct or malfeasance in office is the official doing of a wrongful act or the official neglect to do an act which ought to have been done; People v. Shawver, (Wyo.) 222 Pac. 11; State v. Ross, (Wyo.) 228 Pac. 636. Grounds for removal were alleged and proven; the procedure for removal of officers is summary; 1401 C. S. Summary action means short, and without delay or formality; 37 Cyc. 527-530. Formal pleadings are unnecessary; State v. Bourgeois, (La.) 14 So. 29; State v. Whittaker, 41 So. 218; State v. Borstad, (N. D.) 147 N. W. 380; Reid v. Court, (Cal.) 186 Pac. 634. A holdover member of an old board can be prosecuted for malfeasance or misconduct in office, even though the remainder of the old board has ceased to exist; a change in the personnel of the board does not condone offenses of a continuing member; State v. Patton, 110 S. W. 636; Everstadt v. State, 49 S. W. 654. The weight of conflicting testimony, and the credibility of witnesses are questions for the jury; Bank v. Boswell, 92 Pac. 624; People

v. Orosco, (Cal.) 239 Pac. 82. The judgment should be set aside.

*W. H. Patten, Ambrose Hemingway, K. W. McDonald* and *E. E. Enterline,* for defendant in error.

The trial court was without jurisdiction to determine the controversy; the prosecution was brought under Chapter 99, C. S. and the procedure therein prescribed was necessary to confer jurisdiction; the procedure required a preliminary complaint in writing to the Governor and a direction from that officer to the prosecuting attorney; 1398, 99 C. S.; this was not followed; the communication from the Governor was based upon an alleged examination and report by the state examiner without specifying acts of misconduct or malfeasance; the prosecution must proceed, if at all, upon facts constituting such misconduct or malfeasance; the word "such" as used in the statute has a distinct meaning; Ex Parte Hull, (Idaho) 110 Pac. 256. The county attorney cannot proceed on any other charges save those specifically stated in the Governor's instructions; State v. Grant, 14 Wyo. 41; Minnehaha County v. Thorne, (S. D.) 61 N. W. 688; State v. Blande, 41 L. R. A. 297; White v. Veitch, (Wyo.) 197 Pac. 893; Kirby v. Western Union, (S. D.) 57 N. W. 202; Wishek v. Becker, (N. D.) 84 N. W. 590; State v. Thompson, (Minn.) 97 N. W. 887; Burkholder v. People, 147 Pac. 347; County v. Graham, (Okla.) 139 Pac. 1149; Schaeffer v. Jackson, (Okla.) 225 Pac. 961. The statute must be strictly construed; W. C. S. 1920, Sec. 5532; People v. Dolan, 5 Wyo. 243; Baker v. County Commissioners, 9 Wyo. 51; State v. Friars, (Wash.) 39 Pac. 104; Burke v. Knox, (Utah) 206 Pac. 712; State v. Leahy, 231 Pac. 197; Gibson v. Campbell, (Wash.) 241 Pac. 21. The petition did not state facts sufficient to constitute cause for removal, for the reason that the board complained of had gone out of existence, and the acts of a board are not the acts of an individual; 11 Cyc. 384; a county commissioner may exercise the

duties of his office until his successor has been elected and qualified; 15 C. J. 452; 22 R. C. L. 487; 23 Am. Eng. Enc. Law, 2nd Ed. 379; Monnier v. Godbold, 5 L. R. A. N. S. 463. Acts of an individual member merge into acts of the board; 22 R. C. L. 569; Board v. Record Co., 228 Pac. 1103; Company v. School Dist., 79 Mo. App. 665; State v. Kennedy, (Kan.) 108 Pac. 837; Misconduct and malfeasance in office are never presumed; Hopkins v. Foley, 29 Cyc. 1437, 193 Pac. 361. The Legislature having provided the action to be taken for the illegal allowance of a claim, precludes an action against a commissioner for removal; Appel v. State, 9 Wyo. 187 at 202; State v. Grant, 14 Wyo. 41 at 59; 1422 C. S. has no connection with the case under consideration; Corker v. Pence, (Idaho) 85 Pac. 388; State v. Kennedy, (Kan.) 108 Pac. 837. County commissioners, in the absence of fraud, cannot be held personally liable for the allowance of claims; County v. Clinton, (Utah) 117 Pac. 1075; Bailey v. Van Dyke, (Utah) 240 Pac. 454; Bunten v. Assn., 29 Wyo. 461; omission to itemize claims is not ground for removal since 1417 C. S. affords a remedy for such irregularities; Corker v. Pence, Supra; State v. Kennedy, Supra; State v. Scates, (Kan.) 23 Pac. 479. An honest misinterpretation of a statute does not constitute misconduct or malfeasance in office; State v. Hopkins, 193 Pac. 361. Acts of a previous board in a previous term are not grounds for removal for cause; 1408, 1414 C. S.; 15 C. J. 453; 22 R. C. L. 569; State v. Henschel, (Kan.) 175 Pac. 393; State v. Jersey City, 25 N. J. L. 536; State v. Loomis, 20 S. W. 415. Malfeasance in office is a charge of a criminal nature and must be strictly construed against the State; Walton v. Channel, 204 Pac. 661; State v. Donahue, 135 N. W. 1030; Daugherty v. Nagel, 154 Pac. 375; State v. Alcorn, (Tex.) 14 S. W. 663. Malfeasance is the doing of an act wholly unlawful and wrongful; 23 Am. Eng. Enc. of Law, 442. Misconduct is any unlawful behavior in relation to the duties

of office; Commonwealth v. Wood, 76 S. W. 842; State v. Bair, 73 N. E. 514; State v. Bush, 208 S. W. 607. The judgment should be sustained.

POTTER, Chief Justice.

This is an action similar in form and purpose to that of State v. Scott, this day decided, and is here on error from a judgment upon a directed verdict in favor of defendant below, whose removal as a county commissioner of Natrona County was sought in the action brought by the state upon direction of the Governor, and upon allegations of the petition very much the same as those in the case of State v. Scott. It seems to have been admitted at the beginning of the trial and in connection with the making of a motion objecting to the introduction of any testimony on the part of the defendant, that the defendant, G. T. Morgan, had been elected as a county commissioner for said county for a term of four years at the general election in 1922 and was still serving that term at the time of the bringing of this action; that one T. A. Hall had served also as one of the three county commissioners of that county during the year 1924 and that his term expired by the election and qualification of his successor on or about the first Monday in January, 1925, and that J. E. Scott, the defendant in the companion case aforesaid, also served as one of the three county commissioners during the said year 1924, and that his term expired, with the qualification of himself as his own successor upon an election in 1924 for a new term on or about the said first Monday of January, 1925.

These facts are necessary to understand the purport of some of the objections made to the introduction of evidence at the beginning of the trial, to which we shall presently refer as presenting the principal question in the case. The sole error assigned in this case is that the court erred in denying the motion of the state for a new trial. The motion for a new trial was filed within the

proper time after the return and filing of the verdict by direction of the court. But before that motion was acted upon, the court had entered judgment upon said verdict, in favor of the defendant and providing that he do have and recover from the plaintiff, the state, all actual and necessary expenditures made by him in connection with all trials and hearings, together with costs. The motion for a new trial appears to have been heard on September 23, 1925, and on the first day of October, to have been denied, although the order to that effect was not filed nor entered until October 12, 1925, which facts as to dates are stated merely to show the situation in connection with the other case this day decided, and not because such dates are material upon any disputed question in this case.

The grounds of the motion for a new trial, then, were (1) that the verdict is not sustained by sufficient evidence and is contrary to law; (2) that the court erred in sustaining the objections of defendant to the introduction of testimony under the several paragraphs of the petition, commencing on page 2 with the words "On or about the 27th day of January, 1924" down to and including the 38th paragraph, constituting all the acts of 1924; (3) that the court erred in directing a verdict for defendant. The motion contained also certain other paragraphs alleging error in the admission or exclusion of evidence, but which need not be considered, since they are not specifically discussed in the brief, and for the reason also that the case must be disposed of here upon other propositions.

The petition in the case contained forty separately numbered paragraphs, all but the first four consisting of charges of alleged misconduct or malfeasance in office as such commissioner; and the fifth paragraph containing many sub-paragraphs alleging different occasions of the allowance of claims against the county not properly itemized or verified or not complying with the law in some other particular as to form, connected with a general

statement at the beginning of said 5th charge that the defendant, with the other members of the board, had been guilty of misconduct and malfeasance in office in voting for, allowing and ordering paid claims filed against the county which were not properly dated, or which did not specify the value of each item, or the time actually and necessarily devoted to the service, or without being properly verified;—intended to present the same kind of charge of misconduct as two of the charges in the Scott case, considered by us in disposing of that case.

Upon the trial, evidence was introduced only upon two charges of that nature, the facts alleged to have occurred in 1925, and one other charge of alleged misconduct alleged also to have occurred in 1925, relating to the construction of a bridge without first advertising for bids. Said evidence, therefore, related to exactly the same matters as the evidence in the Scott case; it being evidently understood upon the trial that every other charge had been included in the order sustaining the objection to the introduction of any testimony.

We need not discuss the sufficiency of that evidence to have entitled the plaintiff, the State, to a verdict, nor whether the court erred in directing a verdict upon that evidence in favor of the defendant. For we think it very clear that the judgment must be reversed upon the ground of error in sustaining the aforesaid objection to the introduction of evidence under every other ground of the petition in the case. We think it not improper to say, however, that the explanation furnished for the building of the bridge in question without first advertizing for bids for the entire work tended to show an emergency requiring an early construction to accommodate the public and a leading railroad company whose line of railroad traverses the county, who was sufficiently interested to donate a part of the work, and also a conviction upon the part of the entire membership of the board that the best

interests of the county would be and was in fact served better by the manner in which the bridge was constructed than if it had been let out upon a contract upon bids advertized for. Indeed, the opinion is expressed that it had saved the county probably $3000; the materials having been supplied under bids secured without advertizement from leading material men of the community and the work having been done, so far as the county is concerned, by their separate road and bridge crews. So that, if a failure to advertise for bids for work of that kind would ever be justified (see State v. Kennedy, 82 Kans. 373, 108 Pac. 837), it might appear to have been justified in this particular instance. It was said in the case cited:

"There was no advertisement at all, and there were no competitive bids for the rebuilding of one bridge. The bridge was an important one on the line between Leavenworth and Wyandotte counties, and was in a dangerous condition. Under the law, the duty of advertising for bids rested with Wyandotte County. It declined to proceed in the regular way, but agreed to pay its share of the joint expense if Leavenworth County repaired the bridge. The defendant protested against making a contract without advertisement, but finally deferred to the judgment of his associates because the welfare of the county required that the bridge be built at once. One of the members maintained that they always had the right to proceed without advertisement when life and property were at stake. It is undisputed that the work was well done and the amount paid was reasonable and just. There was no corruption in any of these cases. The law relating to advertisements for bids is general in its terms. It makes no provision for exceptions and emergencies. This may be from oversight, but more likely it is because, in the judgment of the Legislature, it would be dangerous to the public to allow all county boards to act upon whatever

they might deem to be emergencies. The court does not propose to abate the force of the statute, but it requires a very savage insistence on the letter of the law to demand the defendant's removal from office for what he did. It is expected that boards of county commissioners will be diligent in taking affirmative action to protect and to promote the general welfare. Checks upon their conduct are collateral means to the same ultimate end, but in a particular instance, they may operate as embarrassments. Here advertisements were made in all cases except that of the county line bridge, where the defendant protested, and the duty devolved upon another board. The purpose of the statute, competitive bids and fair contracts, was in fact attained through the advertisements made. While the course pursued departed slightly from that prescribed, it is free from culpability of the character the statute denounces. Besides this, the law of quo warranto authorizes the court to take a broad view of motives and circumstances in the case of an official who has assumed the responsibility of rendering the public a genuine service in a somewhat irregular way; and, although not sanctioning the defendant's conduct as legal, the court is not obliged to deprive him of his office on account of it.''

Coming now to what we mentioned as the principal question in the case, the exclusion of all evidence under all paragraphs or charges of the petition respecting the year 1924, or alleging acts of misconduct or malfeasance alleged to have occurred in 1924, we think the record is to be understood as showing with reasonable certainty that the motion for such exclusion was sustained upon the ground that the board, as composed in 1924 as aforesaid of the defendant, T. A. Hall and J. E. Scott, had gone out of existence with the expiration of the terms of Hall and Scott, and the qualification of their successors respectively,—Scott being his own successor; and that the defendant could not alone have been guilty of the misconduct or

malfeasance of the board or any member of the board that year, by reason of the change of the membership of the board. We shall quote from the record to show that to have been the sole ground, notwithstanding that the motion was made also upon further grounds to the effect that each and every one of the charges were insufficient to constitute a cause of action or a ground for removal.

The record shows the following as a part of the procedure at the beginning of the trial:

"Mr. Patten: (counsel for the defendant)  Comes now the defendant and objects to the introduction of any testimony in the case and moves the court to dismiss plaintiff's petition for the following reasons, to-wit:   (1) That one county commissioner alone cannot commit malfeasance and misconduct in office in allowing bills, building bridges without calling for bids, or doing and performing anything of an official character; that at least two commissioners must act jointly; that the only malfeasance or misconduct that can be committed by a commissioner individually is of a personal nature, which might be alleged bribery or fraud by himself individually in influencing or biasing his vote or actions on the Board, none of which is alleged in this petition. The board of county commissioners for the year 1924 consisted of T. A. Hall, J. E. Scott and G. T. Morgan. That board has ceased to exist. T. A. Hall has finished his term of office and is no longer county commissioner.  J. E. Scott has finished his term and is no longer commissioner of the county. The acts of G. T. Morgan, either voting for or against any proposition, could not possibly be malfeasance or misconduct in office, as it is not an official act, and this action is and must be a joint action brought in behalf of the state against at least a majority of the board jointly, joining them as defendants in the same action.  *   *   *  All of the acts and all of the allegations during the year 1924

should be stricken from the petition, as well as all of the purported allegations alleged to have been committed by G. T. Morgan personally during the year 1925; and for the further reason that there is a defect in party defendant, that there is an improper party defendant, and the action must of necessity be a joint action. (2) That plaintiff's petition does not charge misconduct or malfeasance in office for the reason that it charges the defendant individually for misconduct and malfeasance and not jointly with some other member or members of the board of county commissioners. * * * (9) That the acts of a board of county commissioners are judicial and cannot be questioned, no matter how erroneous said acts may be. * * *. The court: The court will sustain the objection to the introduction of any testimony beginning with the paragraph on page 2 where it says, 'On or about the 27th day of January, 1924' down to and including the 37th paragraph—including the 37th paragraph, and down to the 38th. That constitutes all of the acts of 1924. As. I understand it, that board of county commissioners passed out of existence January 5th, 1925. Mr. Sennett: (Counsel for the State) Are you sustaining that upon the. ground and for the reason that the board of county commissioners passed out of existence at that time? The Court: Yes. It does not state facts sufficient to constitute a cause of action. * * * The court: Do I understand that it is admitted that the new board of county commissioners took office on January 5th, 1925? Mr. Sennett: Yes, it is. Mr. Patten: Yes. Mr. Hays (of counsel for the state): This man was elected in 1922. The court: Yes, but there is a new board now. Mr. Sennett: Is that the basis for the ruling that these acts are not admissible at this time, or is it— The court: There are not facts. sufficiently stated for a cause of action, for one reason, and the other is that the Board of county commissioners passed out of existence January 5th, 1925, and the new

Board of County Commissioners began on January 5th, 1925.  Mr. Sennett:  Then that will limit us to acts committed after January 5th, 1925?  The court:  Yes.  I don't think the petition states facts sufficient to constitute a cause of action.  That is the real reason.''

Thereupon, applications to amend some if not all of the remaining grounds in the petition were made by counsel for the state, and also to amend the beginning of the 5th paragraph, stating generally charges of allowing claims against the county without requiring them to be verified or itemized, etc., notwithstanding that the remainder of the paragraph stating individual instances of such alleged misconduct had been stricken from the petition.  It appears that said several motions to amend having been granted, the trial was then proceeded with, evidence being introduced under only the three charges similar in their nature and indeed covering the same matters upon which evidence was taken in the Scott case, and which will be found referred to in the opinion in that case.

From the above recital of the proceedings found in the record concerning the motion of defendant at the beginning of the trial, we are of the opinion, as above stated, that the conclusion and ruling of the court must be considered as having been based upon the ground of the change in the membership of the board of county commissioners, and that in stating in a general way only that the petition was insufficient to state a cause of action, we think the court must be understood as having in mind that as the general ground, but with reference only to the several charges of misconduct in 1924.  For the court proceeded to listen to and heard the evidence after impanelling the jury upon the three charges left in the petition concerning alleged misconduct in 1925.  And hence we are of the opinion that with respect to the defendant's contention here that the several paragraphs relating to acts of 1924, were and are insufficient to constitute a cause of

action, should not at this time be considered by this court. The statute, as shown in the opinion in the Scott case, provides that all questions as to sufficiency or certainty of the pleadings shall be considered upon the trial and grants a very liberal opportunity for amendments. That procedure, we think, should occur in the trial court, where there would be opportunity for amendment. We shall not, therefore, enter upon a consideration of the sufficiency of the petition or any of these averments otherwise than as may be necessary to dispose of the respective contentions upon the court's ruling substantially striking out from the petition every averment therein relating to an act of 1924.

We think the court erred in that ruling. The point seemingly in the mind of counsel for defendant at the time and here is that there is no duty of a county commissioner as a member of the board at a meeting of the board that could possibly be considered personal or individual so as to lay him open to any personal or individual liability, and we are cited to State v. Kennedy, supra, where it is said:

"The neglect feature of the removal statute upon which the prosecution is based is involved only so far as it deals with individual responsibility. The penalty denounced cannot be inflicted upon an individual officer because of duty unless he has neglected to perform some 'act which it is his duty to perform;' manifestly the duty must be personal, and the act must be one which he is able to perform or he cannot be at fault. He cannot be guilty of neglect in failing to perform an act which he has no legal capacity to perform. The duty to publish estimates of expenditures rests upon the duty as a board. It was impossible for the defendant alone to make a valid order for publication, or to authorize a valid publication in the official, or in any other, newspaper. These acts were beyond his legal power, and his neglect must consist, if at all, in participating in an omission of the board."

But that was clearly not intended to state comprehensively that a single member of a board of commissioners could not be liable personally or individually, or personally or individually be guilty of misconduct because he happened to be a member of a board, or because the act complained of happened to have been the act of a board. And that it was not so intended appears very clearly by a later case in Kansas, State ex rel Hopkins v. Rayl, 204 Pac. 1002, a case affirming a judgment removing Rayl as an elected county commissioner of Reno county, Kansas, from office because of misconduct or malfeasance in allowing, and permitting to be paid without objection, claims against the county in favor of himself and of each of the other commissioners for excessive per diem and mileage charges. And there are charges to that effect in the petition in question here which were stricken as aforesaid. But whether alleged in sufficient form or not we shall not now determine. And see Corker v. Price, 12 Ida. 152, 85 Pac. 388; McCran v. Gaul, 96 N. J. L. 165, 112 Atl. 603.

Doubtless, there are duties to be performed by the board and requiring a vote of the majority of the members at regular meeting that might not involve any personal or individual liability or furnish grounds upon which to base a charge of misconduct or malfeasance in office. And it may be that the petition contains some charges relating to acts which could not be made the basis of a charge for removal under the statute. We have not examined the petition with care to ascertain whether that is so or not, but we are satisfied that it does contain charges of acts which might amount to acts of misconduct or malfeasance in office and that might furnish a ground for removal if established by competent proof; though in saying this we are not determining the sufficiency of any allegation with respect to those matters. We have already adverted to the fact that the petition contains averments intended to charge misconduct and malfeasance in paying to himself

and other commissioners or consenting to and participating in like payment to other officials and claimants of money for services in excess of that authorized by law. And we have no doubt that if such facts are properly and sufficiently alleged, and the fact that the payments were in excess of that allowed by law, are sufficiently established by proof, then we think that the defendant here might be prosecuted therefor and removed under the statute, notwithstanding the expiration of any old board or the expiration of the term of any former associate commissioner. Of course, as held in the Scott case, if the defendant's term, under which those alleged acts had occurred, had expired, then he could not have been prosecuted or removed thereafter while occupying the office under his new term under a new election.

We do not understand the rule to be that an action to remove a member of a board of county commissioners must be prosecuted against a majority of the board at the same time, or that such an action cannot be brought against one commissioner alone. See State v. Rayl, supra; Corker v. Price, supra; McCran v. Gaul, supra.

It is said in 15 C. J. 453. "Two or more officials may be joined in the same proceeding, and one or more, less than all, may be convicted." Citing Eberstadt v. State, 20 Tex. Civ. App. 164, 49 S. W. 654. That was a suit to remove an officer elected to the office of county commissioner in November, 1896. And the court took judicial notice of the fact that there was a general election held for such office in November, 1898, and that the terms of the officers elected in November, 1896, had expired. The suit was brought to remove the three members of a board of county commissioners. The jury found all the causes of removal set forth in the petition true and sustained by the evidence as to two of the defendants, but found that none of the causes were sustained by evidence as to one of the defendants. The charge of the court was that if they should

find from the evidence that only one or more of the causes of removal is or are true and is or are true as to one or more of the defendants, then they should bring in their verdict to show as to which of the defendants it was found to be true, or as to which cause was sustained by the evidence. The appellate court said:

"If one or more of the county commissioners, and the county treasurer, entered into a conspiracy to embezzle, then a suit could be maintained for the removal of any one or more of said commissioners. In this case the verdict found the facts to be true as to two of the commissioners, but that they are not true as to the third one. We think the court did not err in charging the jury as above set forth, and that the verdict of the jury is not subject to the criticism made."

While the question as presented in this case may not have been distinctly passed upon in other cases we think the reported cases show clearly enough that the objections upon which the motion to exclude evidence is supported is not the law. In the Utah case of Burke v. Knox, 206 Pac. 711, it appears that an original application had been made to the supreme court for a writ of prohibition to prohibit Judge Knox, a district judge, from proceeding in a certain action brought by the county attorney of Banner county against the plaintiff as county commissioner to remove him from office. Among the charges in that removal action appears to have been allegations to the effect that the commissioner aforesaid had unlawfully made and furnished to the board a claim for work with the intent to cheat and defraud Banner County out of a part of the money involved in said claim. The other counts were to the effect, stating the matter generally, that the defendant commissioner had knowingly, wilfully and corruptly failed, refused and neglected, as a county commissioner, to oppose the allowance and payment of alleged

disputed illegal claims.   The court held that the district
court did not have jurisdiction of the cause, but not upon
the ground that the proceeding could not be prosecuted
against a single commissioner.   In a case in Tennessee,
State ex rel Thompson v. Read, 278 S. W. 71, it was held
proper to remove a part only of the members of the county
court.

We conclude that the judgment should be reversed and
the cause remanded to the district court for a new trial.
And it will be so ordered.

*Reversed and Remanded.*

BLUME and KIMBALL, JJ., concur.